**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Abenel Makini WONG, aka "Tiger,"
Defendant-Appellant.**

**No. 72–1061.**

United States Court of Appeals,
Ninth Circuit.

Nov. 6, 1972.

Rehearing Denied Dec. 11, 1972.

Paul J. Durbin (argued), Honolulu, Hawaii, for defendant-appellant.

William J. Eggers, III, Asst. U. S. Atty. (argued), Joseph M. Gedan, Asst. U. S. Atty., Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before BROWNING and GOODWIN, Circuit Judges, and WILLIAMS, District Judge.*

GOODWIN, Circuit Judge:

Abenel Makini "Tiger" Wong challenges the warrant and the search that led officers to his unregistered sawed-off shotgun. He appeals from a conviction under 26 U.S.C. § 5861(d).

Wong's first contention is that the affidavit on which the warrant was based

---

* The Honorable Spencer M. Williams, United States District Judge for the Northern District of California, sitting by designation.

fails to show a sufficient basis in fact for the magistrate or the police officer to believe that an informer was reliable.

The affidavit reads as follows:

"Affiant states he has been a police officer for the City and County of Honolulu, Hawaii, for thirteen years, and assigned to the homicide detail of the detective division for three and one half years. On Monday night, May 7, 1971, Pablo Ulanco was murdered in Honolulu. On Monday, May 17, 1971, affiant was talking to an informant concerning this homicide. The informant gave reliable information concerning an assault that occurred May 16, 1971, naming names and times, and information concerning the murder. On May 18, 1971, affiant again talked to this informant, giving more reliable information concerning the murder. Informant stated she had been to Tiger's residence on May 17, 1971, and personally observed on the floor in the bedroom, a cardboard box containing a 'chopper' machine gun, and four hand grenades which she observed 'Tiger' put upon his belt. She heard 'Tiger' say he was going to blow up an apartment on Republican Street near the State Prison. She was in the house at about 11:30 p. m. to midnight on May 17, 1971."

■ We hold the affidavit sufficient to establish probable cause for a magistrate to issue a search warrant.

■ An affidavit for a warrant ordinarily is drafted by a nonlawyer, in the course of a rapidly moving criminal investigation. It should be tested by the courts in a common-sense and realistic fashion. United States v. Ventresca, 380 U.S. 102, 108–109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

■ While a history of prior dealings between an informant and the police can be an important element in establishing the reliability of the informant, the absence of such a history does not of itself prove the informant unreliable. The magistrate is entitled to look to the underlying circumstances, including those portions of the information independently verified by police, and to other factors supporting the probable truthfulness of the information. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); United States ex rel. Washington v. Yeager, 448 F.2d 87 (3d Cir.), cert. denied, 404 U.S. 967, 92 S.Ct. 345, 30 L.Ed.2d 287 (1971); Louie v. United States, 426 F.2d 1398 (9th Cir.), cert. denied, 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158 (1970); Gilbert v. United States, 366 F.2d 923 (9th Cir. 1966), cert. denied, 388 U.S. 922, 87 S. Ct. 2123, 18 L.Ed.2d 1370 (1967).

■ Here, it might still be argued that the affidavit, to be sufficient, should have included the police officer's sources against which he checked the informant's story. However, such a chain could be endless, with each source of information needing corroboration by another source whose reliability would have to be established by still another, and so on. An absolute requirement of this nature would ignore the point that it is probable cause, not absolute certainty, that is the issue in weighing an affidavit for a warrant. Jones v. United States, 362 U.S. 257, 270, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

■ Care must be taken when a mere rumor reported from one unknown informant is "verified" by the same rumor in the mouth of another unknown informant. That situation is not present here. The informant in this case was acquainted with persons involved in violent crimes. She placed herself in danger when she gave the information she did give to the police. A baseless accusation in these circumstances is not likely. Further, we have here not an isolated report corroborated by an officer's knowledge of one crime, but information on two separate crimes. And the second time the officer spoke to the informant she added to the information she had given earlier on one of the crimes. Finally, the information itself, names and times, is not of the type likely to circulate in rumors. Under the circum-

stances, we hold that the affidavit in this case satisfies constitutional requirements. United States v. Harris, *supra*; United States v. Ventresca, *supra*.

Wong next attacks the warrant on the grounds that it authorized an excessively broad search. Although he cites cases striking down searches that went beyond the scope of a warrant, that kind of search did not occur here. The sole question here is whether the magistrate had probable cause to authorize as broad a search as he did. In view of the report of the informant that "Tiger" not only stored the weapons seen, but had grenades on his person and was planning to take weapons from his bedroom, the magistrate had reasonable grounds to conclude that the weapons might be elsewhere than in the bedroom when the officers arrived to make the search.

Wong also complains of restrictions on the questioning allowed at the hearing on his motion to suppress. He was allowed to explore the grounds for the statement by the affiant that he believed that the informant had given him reliable information.

Wong was not allowed to introduce counteraffidavits by himself and his wife that they went to bed every night promptly at eight o'clock. Without deciding at this time how far one may go in an effort to impeach an affidavit for a warrant, we hold that the district court properly foreclosed Wong's attempt to prove the falsity of some of the informant's statements to the police officer. The question is the reasonableness of the magistrate's belief at the time he acts upon the information, not the ultimate truth or falsity of the information. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Jones v. United States, 362 U.S. at 271–272, 80 S.Ct. 725, 4 L.Ed.2d 697; United States v. Ramos, 380 F.2d 717 (2d Cir. 1967).

Finally, Wong complains of the district court's refusal to let him reargue at the trial his motion to suppress. Wong attempted to present evidence that the informer was of bad moral character and unworthy of belief. Good informers are not necessarily good people. Wong also tried to produce evidence of events that occurred after the warrant was issued and which cast some doubt on parts of the informant's story. Events that could not have been known by the police officer or the magistrate at the time the warrant was issued are irrelevant. The magistrate must decide at the time a warrant is requested the essential question whether probable cause exists to believe, in the particular matter under inquiry, that the informer is telling the truth, and, if so, whether a warrant should issue.

Other evidence excluded at the trial could readily have been presented at the original hearing on the motion to suppress. Wong offers no excuse for his failure to put on his evidence at the suppression hearing. The district judge did not abuse his discretion in denying the attempt to reargue the motion to suppress.

Affirmed.