No. 73–1174.   North Carolina v. Wrenn.   C. A. 4th Cir.   Certiorari denied.

Mr. Justice White, with whom The Chief Justice joins, dissenting from the denial of certiorari.

Respondent was convicted in a North Carolina state court of a narcotics violation.   Evidence used against him at trial was seized under a search warrant issued by a magistrate on an affidavit which was sustained at trial after an evidentiary hearing out of the presence of a jury.   The conviction was affirmed on direct appeal, and this Court denied certiorari, 405 U. S. 1064 (1972), but the conviction was invalidated by the United States District Court when it granted respondent's petition for a writ of habeas corpus.   The District Court took no further evidence and was "in complete agreement with the conclusion reached [by the state court] that on the face of it the affidavit supporting the issuance of the search warrant satisfied the provisions of the [applicable North Carolina] statute and was constitutionally adequate."   But after examining the state court record of the suppression hearing, the District Court issued the writ.   Saying that the "majority rule in the state courts seems to preclude impeachment of the factual averments in the affidavit"; that North Carolina appeared to follow that rule; and that the question had not been finally settled by this Court, see *Rugendorf* v. *United*

*States,* 376 U. S. 528, 531–532 (1964), the District Court nevertheless was of the view that it should not hesitate "to rule out the erroneous averments in the affidavit and proceed to test the validity of the warrant in the light of the remaining uncontested averments." When so tested, the affidavit was found insufficient. The court also ruled that the officer who made the affidavit could not rehabilitate the warrant by sworn testimony at the suppression hearing as to facts which were known when the warrant issued and which would have been sufficient cause for issuance of the warrant had they been included in the affidavit. This was true even though these additional facts had actually been presented to the magistrate, for the supplemental information had not been sworn.

The Court of Appeals affirmed *per curiam,* approving the District Court's review of the search warrant affidavit in light of the affiant's testimony in the state court hearing. This ruling is consistent with prior law of the Circuit permitting subsequent impeachment of a warrant affidavit. *King* v. *United States,* 282 F. 2d 398 (CA4 1960). Other federal courts are in apparent agreement, *e. g., United States* v. *Dunnings,* 425 F. 2d 836 (CA2 1969), cert. denied, 397 U. S. 1002 (1970); *United States* v. *Upshaw,* 448 F. 2d 1218, 1220–1222 (CA5 1971), cert. denied, 405 U. S. 934 (1972); *United States* v. *Roth,* 391 F. 2d 507 (CA7 1967). Still other cases in other circuits, mostly older ones, but apparently still of precedential importance, have announced a different rule. *E. g., Kenney* v. *United States,* 81 U. S. App. D. C. 259, 157 F. 2d 442 (1946); *Gracie* v. *United States,* 15 F. 2d 644 (CA1 1926), cert. denied, 273 U. S. 748 (1927); *Schiller* v. *United States,* 35 F. 2d 865 (CA9 1929). But see *United States* v. *Thornton,* 147 U. S. App. D. C. 114, 454 F. 2d 957, 966–967 (1971); *United States* v. *Wong,* 470 F. 2d 129, 132 (CA9 1972). The issue is current and is

obviously not simple. See *United States* v. *Upshaw, supra,* at 1221 n. 3.

Of equal or perhaps even greater importance in the context of this grant of federal habeas relief to a state prisoner is the conflict between the decision of the Court of Appeals and the rule followed in a majority of state court decisions considering the issue precluding challenges to the truthfulness of the factual statements contained in a warrant affidavit at a hearing subsequent to the issuance of the warrant.* Indeed, the District Court speculated in this case that the North Carolina courts may have followed the majority rule in the other States on respondent's direct appeal, and there is some indication that North Carolina is in accord with the majority

---

*At least 15 States appear to prohibit subsequent impeachment of the affidavit supporting a warrant. *Liberto* v. *State,* 248 Ark. 350, 451 S. W. 2d 464 (1970) (alternative holding); *State* v. *Anonymous,* 30 Conn. Supp. 211, 309 A. 2d 135 (1973); *People* v. *Stansberry,* 47 Ill. 2d 541, 268 N. E. 2d 431, cert. denied, 404 U. S. 873 (1971); *Seager* v. *State,* 200 Ind. 579, 164 N. E. 274 (1928); *State* v. *Lamb,* 209 Kan. 453, 497 P. 2d 275 (1972); *Bowen* v. *Commonwealth,* 199 Ky. 400, 251 S. W. 625 (1923); *State* v. *Anselmo,* 260 La. 306, 256 So. 2d 98 (1971), cert. denied, 407 U. S. 911 (1972); *Tucker* v. *State,* 244 Md. 488, 224 A. 2d 111 (1966), cert. denied, 386 U. S. 1024 (1967); *State* v. *Brugioni,* 320 Mo. 202, 7 S. W. 2d 262 (1928); *State* v. *English,* 71 Mont. 343, 229 P. 727 (1924); *State* v. *Petillo,* 61 N. J. 165, 293 A. 2d 649 (1972), cert. denied, 410 U. S. 945 (1973); *Doyle* v. *State,* 317 P. 2d 289 (Okla. Crim. App. 1957); *State* v. *Seymour,* 46 R. I. 257, 126 A. 755 (1924), partially overruled on other grounds, *State* v. *LeBlanc,* 100 R. I. 523, 217 A. 2d 471 (1966); *Owens* v. *State,* 217 Tenn. 544, 399 S. W. 2d 507 (1965); *Griffey* v. *State,* 168 Tex. Cr. R. 338, 327 S. W. 2d 585 (1959).

A few state courts do permit impeachment. *McConnell* v. *State,* 48 Ala. App. 523, 266 So. 2d 328, cert. denied, 289 Ala. 746, 266 So. 2d 334 (1972); *Theodor* v. *Superior Court of Orange County,* 8 Cal. 3d 77, 501 P. 2d 234 (1972); *People* v. *Alfinito,* 16 N. Y. 2d 181, 211 N. E. 2d 644 (1965); *Commonwealth* v. *Hall,* 451 Pa. 201, 302 A. 2d 342 (1973).

rule, see *State* v. *McKoy,* 16 N. C. App. 349, 191 S. E. 2d 897 (1972).

Whether a search warrant and its supporting affidavit, adequate on their face, may later be impeached, is squarely presented here. "The time is ripe for a decision on this question, for the courts are in conflict and the question is important to the proper administration of criminal justice." Kipperman, Inaccurate Search Warrant Affidavits as a Ground for Suppressing Evidence, 84 Harv. L. Rev. 825 (1971). (Footnotes omitted.)