STATE OF CONNECTICUT *v.* WILLIE WILLIAMS

HOUSE, C. J., COTTER, LOISELLE, LONGO and BARBER, Js.

Argued May 9—decision released August 5, 1975

*Richard T. Meehan,* special public defender, for the appellant (defendant).

*Bernard D. Gaffney,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

BARBER, J. The defendant was tried and convicted by a jury on both counts of a two-count information charging possession of a controlled substance with

intent to sell in violation of General Statutes § 19-480 (a) (Rev. to 1972) and possession of a narcotic substance in violation of General Statutes § 19-481 (a) (Rev. to 1972). Error has been assigned in the denial of the defendant's motion to suppress evidence, in a number of rulings and in the court's charge to the jury. The defendant has also assigned error in the finding, in the action of the court denying his motion to dismiss, in the court's failing to grant judgment notwithstanding the verdict and in its failure to set aside the verdict.

A summary of the evidence at the trial should place the claims of error in proper perspective. From the evidence offered the jury could have found the following: On the evening of November 7, 1972, two police officers of the Hartford police department began the surveillance of premises on Barbour Street in Hartford. The officers were looking for two males, a Buick automobile with a District of Columbia registration, and narcotics activity involving the automobile and the premises on Barbour Street. On November 7, 1972, Detective Ronald Ciak observed four known and suspected users and sellers of drugs enter the premises on Barbour Street. On November 8, 1972, the police observed two males leave the Barbour Street premises and get into a Buick automobile and drive away. The police followed the automobile and observed a known narcotics user walk to the vehicle then parked on Albany Avenue, hand the driver something which appeared to be currency and receive something in exchange. This occurred after 8 p.m. on November 8, 1972. The police obtained a search warrant for the second floor apartment of the Barbour Street premises, the Buick automobile, and two black males known only as Chuck and Joe. When the officers returned the

following evening to execute the warrant, the Buick automobile was parked in front of the premises, and the defendant, who gave Washington, D.C., as his address, was in the apartment. The defendant was the same person the police had observed in the Buick automobile on Albany Avenue the previous evening. In a search of the apartment about $1600, but no narcotics, was found. In searching the automobile, marihuana cigarette butts were found in the automobile ashtray. After this the defendant and another were arrested and transported to police headquarters, and the automobile was taken to the police garage. The search of the vehicle was continued at police headquarters because it had not been thoroughly searched on Barbour Street. The police found forty-five bags of white powder under the front seat of the automobile wedged up between the upholstery and the springs on the underside of the seat. Before the search, the officers obtained the keys to the car from the defendant. According to records in the custody of the registrar of motor vehicles for the District of Columbia, the defendant was the registered owner of the Buick automobile. A certificate of title to the automobile had been issued to the defendant on August 29, 1972. The contents of fifteen of the bags were analyzed and found to be heroin, a narcotic substance.

The finding pertaining to the motion to suppress is not subject to any material correction. This court does not retry facts or pass on the credibility of witnesses. *Triano* v. *Brodowy,* 151 Conn. 445, 446, 199 A.2d 164; Practice Book § 628 (a). The finding relating to the jury trial is merely a narrative of facts claimed to have been proved, designed to test the correctness of the court's charge and rulings. *DePaola* v. *Seamour,* 163 Conn. 246, 253,

303 A.2d 737; *State* v. *Raffone,* 161 Conn. 117, 129, 285 A.2d 323. This finding is not subject to any material correction.

The defendant's motion to suppress as evidence certain tangible things, including the heroin, claims that the search warrant was obtained on the basis of an affidavit which is untrue and that the heroin was seized as a result of an illegal, second search of the defendant's automobile. Two affidavits were submitted with the motion, both by out-of-state residents, attempting to establish that the defendant was present in Lowell, Massachusetts, until 8:30 p.m. on the evening of November 8, 1972. At the hearing on the motion, the defendant attempted to question the police officers as to the truth of the matters contained in the affidavit submitted to establish probable cause for the issuance of the search warrant. Although the defendant persisted, the court ultimately sustained objections by the state as to this line of questioning.

It is elementary that a search warrant may issue only on a showing of probable cause supported by oath or affirmation. A person aggrieved by a search and seizure may move to suppress for use as evidence anything obtained upon a warrant when there is not probable cause for believing the existence of the grounds on which the warrant was issued. General Statutes § 54-33f. An affidavit supporting a search warrant must contain sufficient information for the issuing judge to make an independent, common sense determination of probable cause. *State* v. *Grayton,* 163 Conn. 104, 106, 302 A.2d 246, cert. denied, 409 U.S. 1045, 93 S. Ct. 542, 34 L. Ed. 2d 495. There is a disparity of opinion in the courts on the question of to what extent a probable cause

affidavit, valid on its face, may be challenged for lack of veracity.[1] *North Carolina* v. *Wrenn,* 417 U.S. 973, 94 S. Ct. 3180, 41 L. Ed. 2d 1144 (opinion of White, J., dissenting from denial of certiorari). See also annot., 5 A.L.R.2d 344 and Later Case Service. In *Rugendorf* v. *United States,* 376 U.S. 528, 532, 84 S. Ct. 825, 11 L. Ed. 2d 887, the court assumed for the purpose of the decision that such an attack may be made but refrained from deciding the precise question. Recently, in a case involving an affidavit in support of a bench warrant upon which an arrest was made, we mentioned that the weight of recent federal jurisdictions appears to support the allowance of an evidentiary hearing, not as a matter of right but in the discretion of the court and upon an initial showing of falsehood or other imposition upon the issuing magistrate. We ultimately decided, however, that the finding of the trial court that the defendant had failed to make that required "initial showing" did not constitute an abuse of the court's discretion. *State* v. *Clemons,* 168 Conn. 395, 399–400, 363 A.2d 33.

Both the fourth amendment to the constitution of the United States and article first, § 7, of the Connecticut constitution provide that no warrant shall issue except upon probable cause supported by oath or affirmation. Whether there is probable cause must be determined on an ex parte basis by the issuing judge upon facts stated in the affidavit purporting to establish grounds for issuing the warrant. General Statutes § 54-33a; *State* v. *Allen,* 155 Conn. 385, 391, 232 A.2d 315; *State* v. *DeNegris,* 153 Conn. 5, 9, 212 A.2d 894; see *State* v. *Rose,* 168 Conn. 623, 628–29, 362 A.2d 813. Historically, the suffi-

---

[1] The affidavit which is printed in the appendix to the defendant's brief contains adequate facts to justify a finding of probable cause.

ciency and credibility of an affidavit supporting probable cause is tested by the issuing judge or magistrate from the facts recited therein. *United States* v. *Harris,* 403 U.S. 573, 579, 91 S. Ct. 2075, 29 L. Ed. 2d 723; *Aguilar* v. *Texas,* 378 U.S. 108, 114, 84 S. Ct. 1509, 12 L. Ed. 2d 723. "The question is the reasonableness of the magistrate's belief at the time he acts upon the information, not the ultimate truth or falsity of the information." *United States* v. *Wong,* 470 F.2d 129, 132 (9th Cir.).

The case of *State* v. *Petillo,* 61 N.J. 165, 293 A.2d 649, is convincing authority for the proposition that an evidentiary hearing should not be allowed once there has been a determination of probable cause by the judge issuing the warrant. In the *Petillo* case it is stated (p. 178) that: "If the function of the judge issuing the warrant is to be meaningful, and if the independent exercise of his judgment is to be encouraged whenever the supporting affidavit sufficiently shows probable cause, the truthfulness thereof should not be relitigated on a motion prior to plenary trial of the issue of guilt or innocence. We think such a rule adequately serves the purpose of the Fourth Amendment, and that sufficient deterrence to the rare false affidavit that may slip by the issuing judge is provided by the sanctions of perjury, contempt and civil damages." See also *State* v. *Anonymous (1973-6),* 30 Conn. Sup. 211, 228–33, 309 A.2d 135, which gives cogent and practical reasons why such a hearing should not be held. The logic of the reasoning in the *Petillo* decision is particularly applicable to the facts in this case. The factual allegations in the defendant's motion to suppress concern the whereabouts of the defendant and his Buick automobile on the dates when they were claimed to have been observed by an informant and

the police. The two-pronged test enunciated in *Aguilar* v. *Texas,* supra, 114, requiring "some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable,'" was sufficient to test the credibility of the hearsay information given by the confidential informer. *McCray* v. *Illinois,* 386 U.S. 300, 304, 87 S. Ct. 1056, 18 L. Ed. 2d 62, reh. denied, 386 U.S. 1042, 87 S. Ct. 1474, 18 L. Ed. 2d 616; *United States* v. *Carmichael,* 489 F.2d 983, 989 (7th Cir.). See Cook, Constitutional Rights of the Accused § 20. The attempt to contradict the information of the police officer contained in the affidavit was essentially an attempt to litigate a defense of alibi before trial. Alibi evidence is merely a rebuttal of the state's evidence. *State* v. *Bill,* 146 Conn. 693, 696, 155 A.2d 752. At a plenary trial such an issue becomes one of credibility to be determined upon the whole evidence. *State* v. *Hodge,* 153 Conn. 564, 572, 219 A.2d 367. The court did not commit error in refusing to allow a full evidentiary hearing on the truthfulness of the affidavit supporting the search warrant.

The other basic issue involved in the motion to suppress is the question of whether the seizure of the forty-five bags of heroin was the result of an illegal, second search. It appears from the finding that the search of the automobile where the heroin was found commenced about 7 p.m. on November 9, 1972. The automobile was located on Barbour Street in Hartford, the weather was cold, and there was both pedestrian and heavy vehicular traffic at the time the search commenced. The officers conducting

the search were concerned about people in the neighborhood threatening them. The search on Barbour Street was a cursory one and many parts of the car were not searched. The search at the police garage where the car was taken was begun about two hours and fifteen minutes after the start of the search of the vehicle when it was parked on Barbour Street. No exact time limitations can be placed upon the duration of a search conducted pursuant to a search warrant. The reasonableness of the duration must be determined by the circumstances of each case. 68 Am. Jur. 2d, Searches and Seizures, § 109. Unless there has been a completion of or an abandonment of a search, a resumption of the search within a reasonable time is not illegal. *People* v. *Saiken,* 49 Ill. 2d 504, 512–13, 275 N.E.2d 381; 79 C.J.S., Searches and Seizures, § 83 (a). The search in this case was consistent with conditions present at the time of the search. The burden of proving illegality rests with the defendant. *State* v. *Mariano,* 152 Conn. 85, 91, 203 A.2d 305, cert. denied, 380 U.S. 943, 85 S. Ct. 1025, 13 L. Ed. 2d 962. The court properly held that the search and seizure warrant was validly executed. Under all the circumstances, the execution of the warrant was not unreasonable. *State* v. *Johnson,* 162 Conn. 215, 226, 292 A.2d 903.

A number of the defendant's assignments of error are directed against rulings of the court at the hearing on the motion to suppress. The only ruling that requires further discussion is the court's refusal to allow defense counsel to examine two police officers as to possible violations of an order requiring sequestration of witnesses. At the inception of the hearing the court granted the defendant's motion for sequestration of all witnesses. The defendant then attempted to examine the two police officers

as to whether either had violated the order. The court held that the "sequestration just went as far as ordering all witnesses from the courtroom except as they appear as witnesses." General Statutes § 54-85a states: "In any criminal prosecution, the court, upon motion of the state or the defendant, shall cause any witness to be sequestered during the hearing on any issue or motion or any part of the trial of such prosecution in which he is not testifying." Prior to the passage of § 54-85a, this court, in *State* v. *Pikul,* 150 Conn. 195, 187 A.2d 442, after stating that sequestration was a discretionary act, said (p. 200): "The obvious purpose of sequestering a witness while another is giving his testimony is to prevent the one sequestered from shaping his testimony to corroborate falsely the testimony of the other."

The clear import of the statute that a witness will be sequestered "during the hearing on . . . any part of the trial . . . in which he is not testifying," taken together with the above-quoted sentence from *State* v. *Pikul,* supra, is that a sequestration order merely prohibits a sequestered witness from being in the courtroom when he is not testifying. This is in complete accord with the trial judge's ruling.

It should be noted that, at the request of counsel, the court, in its discretion, made an order that the "testimony of any witness should not be discussed with any other past or prospective witness." This order was made after the defendant attempted to question the officers concerning the sequestration order. This is the proper type of motion to make when a broader prohibition is sought than that provided by the sequestration statute.

The defendant has also assigned as error a number of rulings on evidence during the course of the trial. One of them concerns the admitting into evidence, through the registrar of motor vehicles for the District of Columbia, records of his department concerning the registration of the automobile which was searched by the police. An examination of the finding discloses that the defendant did not comply with the provisions of Practice Book § 226 in succinctly stating the grounds of his objection. Accordingly, this ruling is not subject to review. *State* v. *Hawkins,* 162 Conn. 514, 515, 294 A.2d 584, cert. denied, 409 U.S. 984, 93 S. Ct. 332, 34 L. Ed. 2d 249; *Casalo* v. *Claro,* 147 Conn. 625, 627–28, 165 A.2d 153. Another ruling on evidence concerns the admitting into evidence of a copy of the automobile registration found in the glove compartment of the automobile. The defendant's objection is based on the invalidity of the search and seizure of the registration, and on the ground that the document was only a copy and not the best evidence. Any claimed error in the court's ruling was rendered harmless when the defendant testified that he was the owner of the vehicle on November 9, 1972. *State* v. *Grimes,* 154 Conn. 314, 323, 228 A.2d 141.

The defendant also assigns error in the admission into evidence of the testimony of a police sergeant concerning the results of a field test performed on the items seized from the automobile which were suspected to be narcotics. The defendant objected to such testimony on the ground that the witness was not qualified to give an opinion. The finding shows that the witness had prior training and experience in the methods of field testing substances which were suspected to be narcotics. Whether a witness is permitted to give an opinion as an expert

rests largely within the discretion of the trial court. *State* v. *Lally,* 167 Conn. 601, 609, 356 A.2d 897. Permitting this witness to state the purpose and results of the field tests was not an abuse of discretion. The court's ruling, even if erroneous, was harmless in view of the subsequent testimony of a toxicologist. *Putnam, Coffin & Burr, Inc.* v. *Halpern,* 154 Conn. 507, 512, 227 A.2d 83; *State* v. *Grimes,* supra; Maltbie, Conn. App. Proc. § 31.

The defendant also assigns error in the court's "ruling on defendant's motion to voir dire the jury" before admitting the testimony of a police officer whose name had not been announced previously as a potential witness. Upon bringing this to the attention of the court in the absence of the jury, the court inquired if the defendant was making any motion. Whereupon the defendant's counsel replied, "Well, could we first . . . would you first inquire of the jurors, and if there is such an indication, then a motion might be in order." The court then asked if there was anything further and the defense counsel replied, "No, your Honor." The court took no action on the matter. This court is not bound to consider any claimed errors on appeal unless it appears on the record that the question was distinctly raised at the trial and was ruled upon and decided by the court. Practice Book § 652; *State* v. *Lombardo,* 163 Conn. 241, 245, 304 A.2d 36. The defendant not only failed to lay a proper foundation for review but also "failed to raise his contention from the realm of speculation to the realm of fact." *State* v. *Bowen,* 167 Conn. 526, 533, 356 A.2d 162.

The defendant further assigns error in the court's ruling admitting the testimony of a police officer as an expert in the matter of the habits of narcotics

users. The police officer was asked whether it would be usual or unusual to find a person who is only a narcotics user in possession of as many as forty-five bags of heroin at a time. The defendant objected on the grounds that the question called for an answer in speculation and that it was also irrelevant and immaterial. The witness answered that it would be highly unusual. The defendant was charged not only with possession but also with intent to sell. Specific intent is usually proven by circumstantial evidence. *State* v. *Sul,* 146 Conn. 78, 87, 147 A.2d 686. *State* v. *Nathan,* 138 Conn. 485, 488, 86 A.2d 322. One of the circumstances relevant to such specific intent in this case was the amount of heroin possessed by the defendant. *State* v. *Avila,* 166 Conn. 569, 577, 353 A.2d 776. It was proper for the state to offer evidence to aid in determining the questions in issue, and particularly through a police officer who qualified as an expert on the habits of narcotics users. *State* v. *Grayton,* 163 Conn. 104, 111, 302 A.2d 246, cert. denied, 409 U.S. 1045, 93 S. Ct. 542, 34 L. Ed. 2d 495; *State* v. *Grosso,* 139 Conn. 229, 233, 93 A.2d 146. Any objection to this officer's testimony would go to its weight rather than to its admissibility. *State* v. *Grayton,* supra.

The defendant's assignment of error relating to the refusal of the court to strike the testimony of several witnesses, in view of our conclusion on the admissibility of evidence, is without merit and is not discussed.

The defendant claims that the court erred in its charge to the jury. The record shows that only two exceptions to the charge were taken by the defendant: (1) to the examples given in explaining the meaning of possession, and (2) to a statement in the charge relative to the competence of the police

investigation. As to the first, the court correctly instructed the jury that to establish that the defendant had possession of narcotics it was necessary to prove that he had exercised dominion and control over the substance, had knowledge of its presence, and had knowledge of its narcotic character. *State v. Avila,* supra; *State v. Harris,* 159 Conn. 521, 531, 271 A.2d 74, cert. dismissed, 400 U.S. 1019, 91 S. Ct. 578, 27 L. Ed. 2d 630. The court explained the meaning of constructive possession.[2] As to the second exception, in charging the jury the court commented on the police investigation.[3] A charge is tested by the claims of proof in the finding. *State v. Edwards,* 163 Conn. 527, 528, 316 A.2d 387. The instructions are to be read as a whole. Id., 537. The

---

[2] "Now, a person who although not in actual possession knowingly has the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The word possession as used in the statute has no technical meaning. It does not mean that one must have a narcotic substance upon his person although that is one form of possession. It means having something under one's control or dominion. As you ordinarily speak of things, we possess a thing which we have under our immediate control or dominion. You possess the articles on your person because they obviously are within your immediate control or dominion. I possess this book on the desk in front of me even though it actually belongs to the State of Connecticut simply because it is before me and subject to my control and dominion. I also possess a briefcase which happens to be in my chambers because it is under my control. I possess my car which is out in the parking lot because it is also under my control. I possess the furniture and other items in my home even though I am not actually there now for the same reason. . . . Regarding the question of dominion and control of the heroin, you are entitled to draw reasonable and logical inferences from the evidence that is before you."

[3] "Now, you have heard in the course of arguments discussion as to whether the police conducted a thorough search. You have also heard some discussion about the competency of the police in this arrest. Now, ladies and gentlemen, this question might be a matter of opinion, but the State has put its evidence before you, and the defense was entitled to make an investigation and put its evidence before you also, and, of course, not only the State but also the

charge as given adequately instructed and gave the jury a clear understanding of the issues involved and a proper guidance in determining those issues. *State* v. *Vars,* 154 Conn. 255, 269, 224 A.2d 744. The comments by the court left the jury free to decide the questions of fact and were not improper under the circumstances. *Quednau* v. *Langrish,* 144 Conn. 706, 710, 137 A.2d 544. See *State* v. *Cari,* 163 Conn. 174, 182, 303 A.2d 7.

The denial of the motion to dismiss is not assignable as error. *State* v. *L'Heureux,* 166 Conn. 312, 324, 348 A.2d 578; Maltbie, Conn. App. Proc. § 212.

Both the denial of the motion to set aside the verdict and the motion for judgment notwithstanding the verdict are tested by the evidence printed in the appendices to the briefs. *State* v. *Siberon,* 166 Conn. 455, 352 A.2d 285; *Pollack* v. *Gampel,* 163 Conn. 462, 466, 313 A.2d 73. See Practice Book § 635A, as amended, for the effective date of the new rules pertaining to appeals in jury cases. In a criminal case, it is within the province of a jury to draw reasonable and logical inferences from proven facts. *State* v. *Harris,* supra, 533; *State* v. *Gonski,* 155 Conn. 463, 467, 232 A.2d 483. In this case the totality of the circumstantial evidence supports the verdict. There was sufficient evidence for the jury to find the defendant guilty beyond a reasonable doubt.

There is no error.

In this opinion the other judges concurred.

---

defense has put on evidence on behalf of the defendant. I say to you, ladies and gentlemen, that the issue before you is not the thoroughness of the investigation or the competence of the police. The issue you have to determine is whether the State in the light of all of the evidence before you has proved beyond a reasonable doubt that the defendant is guilty on one or both counts with which he is charged."