COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Senior Judge Hodges
Argued at Norfolk, Virginia


GRADY L. LEWTER, S/K/A
 GRADY LEVI LEWTER

v.         Record No. 2142-93-1        MEMORANDUM OPINION[*]
                                    BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                 MAY 9, 1995


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Dennis F. McMurran, Judge

          Dianne G. Ringer, Assistant Public Defender
          (John H. Underwood, III, Public Defender, on brief),
          for appellant.

          Marla Lynn Graff, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on brief),
          for appellee.


     Grady L. Lewter (appellant) appeals from his bench trial

conviction by the Circuit Court of the City of Portsmouth for

possession of heroin with intent to distribute.  He contends that

the trial court erred when it permitted a police officer,

experienced in unlawful drug-transaction arrests, to testify that

the quantity of heroin in appellant's possession indicated an

inconsistency with possession for personal use.  In addition,

appellant asserts that the chemical sampling method employed is

insufficient to prove intent to distribute.

     We recite only the facts necessary to an understanding of

this opinion.  Portsmouth Detective K. A. Snipes (Snipes), an

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

eight-year veteran of the Portsmouth Police Narcotics Unit, arrested appellant on August 26, 1992.  Seventeen glassine packets containing a white powder substance weighing 1.2 grams, found in appellant's possession, were forwarded to a Commonwealth's testing laboratory where Linda Fisher (Fisher), a forensic scientist, conducted chemical tests on thirteen of the seventeen packets.  Each of these proved to contain heroin.

Fisher testified that the method she used to perform the test, including testing thirteen of seventeen packets, is the generally accepted method of testing and produces results that are 99 percent certain.

Appellant conceded that Snipes was an expert to testify in the field of unlawful drug transactions but objected to the following question to which Snipes was asked to respond:

> [A]ssuming there were no syringes, spoons, pipes, or anything of that nature, found on this person and assuming further there was no money found on this person, do you have an opinion as to whether or not this amount [referring to the 17 packets] is **consistent with personal use?**

Snipes responded that he had never arrested a mere user that had seventeen packets of heroin on his person at the time of the arrest and that possession of that number is inconsistent with personal use.

Appellant argues that Snipes's testimony constituted an opinion as to the ultimate issue of fact when he stated that personal possession of this quantity is inconsistent with

personal use.

In <u>Davis v. Commonwealth</u>, 12 Va. App. 728, 406 S.E.2d 922 (1991), Davis was convicted by a jury of possessing more than one-half ounce, but not more than five pounds, of marijuana with intent to distribute in violation of Code § 18.2-248.1.  The issue stated there was "whether the trial court erred in admitting into evidence a police officer's expert testimony that, based on his experience, an individual's possession of 6.88 ounces of marijuana is inconsistent with personal use."  The identical argument made here was made to the <u>Davis</u> court. Answering that the question was not an opinion on an ultimate issue, the Court said:

> It is well settled, however, that an expert witness is not permitted to express an opinion as to an ultimate issue of fact that must be determined by the trier of fact.  We must, therefore, determine whether Detective Lee's testimony violated this long-established rule.
>
> The Supreme Court of Connecticut considered a similar issue in <u>State v. Williams</u>, 169 Conn. 322, 363 A.2d 72 (1975).  There, the prosecutor asked the narcotics expert whether, in his experience, it would be usual or unusual to find a person who is solely a narcotics user in possession of as many as forty-five bags of heroin at one time.  The expert replied that it would be unusual.  The court held this testimony admissible, finding that the witness never expressed an opinion as to the ultimate issue of fact, that is, whether the defendant intended to distribute the narcotics he was found to possess.  <u>Id.</u> at 334, 363 A.2d at 79.
>
> We reach the same result under the facts before us.  Whether Davis was holding the 6.88 ounces of marijuana with the intent to distribute was an ultimate issue of fact for the jury's determination.  Detective Lee's

testimony addressed the issue of what amount of this particular controlled substance is characteristically held by an individual for personal use. Under the facts presented, we find that Lee's testimony that the amount of 6.88 ounces was inconsistent with an individual's personal use, based on what a user would normally buy or use at one time, did not constitute an opinion that Davis had an intent to distribute the marijuana found in his house.

Id. at 731-32, 406 S.E.2d at 923-24 (citation omitted). For the reasons stated in Davis, we find that Snipes's response was not an opinion on an ultimate issue, therefore, it was not error to admit it.

Appellant further contends that the evidence is insufficient to prove that he intended to distribute the heroin. We disagree. When appellant was arrested, he was concealing seventeen glassine packets of heroin in his left pants leg. A total weight of 1.2 grams of heroin was determined. Snipes testified that the method of packaging this amount of heroin was customary in drug distribution transactions, and possession of this amount was inconsistent with personal use. Those facts presented a jury issue decided adversely to appellant.

Appellant further argues that because only thirteen of the seventeen packets were tested, the Commonwealth failed to prove the intent necessary to support a distribution conviction. We disagree. Fisher, a qualified forensic scientist, testified that the method used to conduct the test for heroin was universally recognized and produced results that were 99 percent certain as

- 4 -

to the entire amount found in appellant's possession.  That evidence is sufficient to prove that all the bags contained heroin and that the quantity in appellant's possession, considered with the method of packaging and other testimony, was sufficient for the trial court to find that appellant intended to distribute the contraband.

For the reasons stated, the judgment of the trial court is affirmed.

<u>Affirmed</u>.

BENTON, J., dissenting.

The Supreme Court of Virginia has "consistently . . . held that the admission of expert opinion upon an ultimate issue of fact is impermissible because it invades the function of the fact finder." Llamera v. Commonwealth, 243 Va. 262, 264, 414 S.E.2d 597, 598 (1992). The ultimate issue in this case was whether the thirteen packets of heroin that Lewter possessed were for his personal use or for distribution. The police officer's testimony that possession of that quantity was inconsistent with personal use was an "opinion upon an ultimate issue of fact . . . [and, thus,] an impermissible invasion of the function of the factfinder." Bond v. Commonwealth, 226 Va. 534, 538, 311 S.E.2d 769, 771-72 (1984).

The Supreme Court has been firm in its holding that in deciding the ultimate issue, "[t]he process of resolving conflicting inferences, affected as it is by the credibility of the witnesses who supply such evidence, is the historical function of a jury drawn from a cross-section of the community." Id. at 538, 311 S.E.2d at 772. See also Webb v. Commonwealth, 204 Va. 24, 33, 129 S.E.2d 22, 29 (1963); Newton v. City of Richmond, 198 Va. 869, 875, 96 S.E.2d 775, 780 (1957). Because the testimony that was allowed in this case contravened these well established rules, I would reverse the conviction and remand for a new trial.