MEMORANDUM OF DECISION
GUERNSEY, Chief Judge.
The Plaintiff, a table games dealer, has appealed the decision of the Defendant revoking her gaming license. Pursuant to MTC § 3-224, the Court may not “substitute its judgment for that of the Agency as to the weight of the evidence on questions of fact,” MTC § 3-224(j), and shall affirm the decision of the Agency:
unless the Court finds that substantial rights of the person appealing have been prejudiced[1] because the administrative findings, inferences, conclusions or decisions are:
(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
MTC § 3-224(j)(5)-(6). The specific policy violation of which the plaintiff was found guilty by the Hearing Officer is set forth in the Personal Conduct Policy, page 25:
12. Purchase, sale, possession of use of illegal drugs on or off duty or being under the influence of illegal drugs at any time on or off duty.
Hearing Officer’s Findings of Fact, Paragraph 8. In two portions of his Findings of Fact, the Hearing Officer makes it clear that the violation of this policy was the basis for the revocation of her license:
6. The Appellant was sworn for testimony and stated that she was a passenger in a car that was stopped by police *490 that day. She did admit that she had a small amount of marijuana in her jacket pocket when arrested. The driver was also arrested and charged with the same offense. The Appellant stated that the driver was convicted and she received a nollied verdict [sic].
9. I find the Appellant violated this standard.[2] Her voluntary statement (Exhibit # 3) and admission in testimony confirmed this violation.
(Emphasis added)
Hearing Officer’s Findings of Fact, Paragraphs 6, 9. Although mindful of the deference to be shown the findings and conclusions of the Hearing Officer:
Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency’s findings of basic fact and whether the conclusions drawn from those facts are reasonable ... Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding ... the decision must be upheld. The obvious corollary to the substantial evidence rale is that a court may not affirm a decision if the evidence in the record does not support it.
Kochachy v. Office of the Director of Regulation, 1 G.D.R. 115, 117 (2003), quoting Bialowas v. Commissioner of Motor Vehicles, 44 Conn.App. 702, 709, 692 A.2d 834.
A review of the administrative record fails to reveal substantial evidence in support of these findings.
What is undisputed from the record is that Plaintiff was a passenger in a motor vehicle, owned and operated by another person, that was stopped by the police for driving too slowly. The driver and the Plaintiff consented to a search of the car and their persons and one-half of a marijuana cigarette was found in the car and a small amount of marijuana was found in a jacket that belonged to the Plaintiff. In the Superior Court proceedings, the case against the Plaintiff was nolled and the driver pleaded guilty to possession of marijuana.
As for the Hearing Officer’s finding that her testimony “confirmed this violation”, the transcript reveals otherwise:
AF: I do have uh, the paperwork about the deposition [sic] for the other person that was involved and it shows that the person took responsibility for his possession of the marijuana because it was not mine.
MB: Was that person the driver of the car?
AF: yes.
MB: And was it he or she?
AF: He.
MB: He was arrested?
AF: He was arrested yes, and I have the disposition right here for that.
MB: And when, did he end up getting nollied [sic] also?
AF: No. He got guilty and he has to pay a fine.
MB: How much was the fine?
AF: Two fifty.
MB: Two hundred and fifty dollars?
AF: Yes.
*491 MB: Okay. And why is it that he said that it was his marijuana: The stuff that was in your jacket.
AF: It was his, it’s not mine.
MB: Okay, how did it end up in jour jacket if it was his?
AF: My jacket stays in the car.
Transcript at 4-5. Clearly, the Plaintiffs testimony does not in any way support the Hearing Officer’s finding.[3]
 As for the unusually brief, typed statement (Commission Exhibit 3), the same curiously avoids any mention of whose marijuana was found in Plaintiffs jacket[4], where the jacket was at the time of arrest, and the reasons for the dropping of charges against the Plaintiff. As for the definition of “possession”, the law is clear:
Where the defendant is not in exclusive possession of the premises where the narcotics are found, ‘it may not be inferred that [the defendant] knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference.’
State v. Alfonso, supra, 195 Conn. at 633, 490 A.2d 75. In the instant case, this principle clearly applies to the marijuana found in another person’s ear as well as to marijuana found in a jacket kept in another person’s car. As the Connecticut Appellate Court has observed:
We agree with the defendant that in order to establish illegal possession of narcotics the state must prove, not only that the defendant “exercised dominion and control over the substance, [but that he] had knowledge of its presence, and had knowledge of its narcotic character.” State v. Williams, 169 Conn. 322, 335, 363 A.2d 72 (1975).
State v. Parent, 8 Conn.App. 469, 473, 513 A.2d 725 (1986). In the instant ease, the “credible evidence of activities” is lacking and of “criminal ... conviction”[5] is disproved.
While the Court is mindful of, and in complete agreement with, Commission Counsel’s description of the importance of the zero tolerance drug use policy of the Mohegan Sun Casino, nevertheless the Findings of the Hearing Officer are not supported by substantial evidence in the administrative record. The Plaintiffs appeal is sustained and the Defendant is ordered to reinstate the Plaintiffs gaming license.

. Given the revocation of Plaintiffs gaming license and the consequent required loss of her job, this is clearly undisputed.

. This reference is to Standard no. 12, supra.

. Counsel for the Gaming Commission has properly objected to the claims in Plaintiff’s brief that the jacket was a male’s, size extra large, and had been worn by the other person the night before while Plaintiff was at work, on grounds that the same constituted new evidence for which no application for leave to present was made pursuant to MTC § 3-224(h). By the same standard, there was no evidence presented to the Hearing Officer that indicated precisely where the jacket was at the time the car was stopped, only that the jacket "stays in the car”. While it may be inferred that the Plaintiff was wearing it there was no evidence the Plaintiff had knowledge of its presence or character.

. Plaintiff's brief asserts that “[tjhe statement given didn’t include the fact that I told Mr. Baker I was unaware the marijuana was in my jacket.” While the Court has no reason to doubt this assertion, the same plays no role in the Court's decision inasmuch as the same constitutes additional evidence for which no application for leave to present was made, and in any event would be cumulative to Plaintiff’s testimony.

. Hearing Officer's Conclusions of Law, Paragraph 5, setting forth the standard for the suspension or revocation of an employee’s license.