**Salem**

ROGER TRENTON DAVIS

v.

COMMONWEALTH OF VIRGINIA

No. 1260-89-3

Decided July 1, 1991

COUNSEL

Arthur P. Strickland (Strickland & Rogers, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KEENAN, J.**—Roger T. Davis was convicted by a jury of possessing more than one-half ounce, but not more than five pounds, of marijuana with intent to distribute in violation of Code § 18.2-248.1. The issues presented in this appeal are: (1) whether the trial court erred in admitting into evidence a police officer's expert testimony that, based on his experience, an individual's possession of 6.88 ounces of marijuana is inconsistent with personal use; and (2) whether the evidence is sufficient to support Davis' conviction. We find that the police officer's expert testimony did not consti-

tute an opinion on the ultimate issue to be decided by the jury. We also find that the evidence is sufficient to support Davis' conviction. Accordingly, we affirm the decision of the trial court.

The evidence at trial showed that on January 5, 1989, a search warrant was executed at Davis' home. Davis was searched and no drugs were found on his person. He then told the officers that there was marijuana in the basement. The officers searched the basement and found a white plastic bag containing 6.88 ounces of marijuana. They also found a "stem" from a marijuana plant, scissors and numerous seeds. Davis did not deny ownership of the marijuana. The search of the basement further revealed two boxes of sandwich baggies and twist ties. One box of baggies was sitting on top of some small handscales. The other box was found adjacent to the scales. A set of weights divided into grams was also found with the scales.

Detective A. M. Lee, of the Roanoke Vice Bureau, was qualified and accepted by the trial court as an expert on the subject of drug trafficking. He testified that marijuana is usually distributed in sandwich baggies similar to those found in the search of Davis' basement. He further testified that twist ties are customarily used to secure the bags of marijuana for sale, especially the $10 bags.

Lee also testified that, based on his experience, a marijuana user ordinarily keeps an ounce (28 grams) or less of the drug on hand, and that possession of 6.88 ounces of marijuana is not consistent with personal use. Lee further testified that .4 grams of marijuana is used to make one marijuana cigarette.

After the Commonwealth rested its case, Richard Wilson testified on Davis' behalf. Wilson was Davis' cousin and was present, along with Davis' wife, at the house the day it was searched. Wilson testified that he had purchased the marijuana in question earlier that day, and that when Davis discovered him smoking a marijuana cigarette, he told Wilson to get it out of the house. Wilson further testified that he then put the marijuana in a brown paper bag and placed it in the box in which it was found. Even though he was present when the search warrant was executed, Wilson did not claim ownership of the marijuana at that time. The evidence further showed that Wilson had been convicted of three felonies, was employed by Davis, and knew he could not be prosecuted for any information to which he testified in court.

After the defense rested its case, the Commonwealth recalled Detective Lee as a witness. Lee testified that the marijuana was not found in a brown paper bag, as Wilson had claimed, and further, that no brown paper bags were found by the police anywhere in the basement.

On appeal, Davis first argues that the trial court erred in permitting Detective Lee to testify that, based on his experience, possession of the amount of 6.88 ounces of marijuana is inconsistent with personal use. Davis contends that in allowing Lee to testify in this manner, the trial court erroneously permitted him to offer an opinion on an ultimate fact in issue, whether Davis intended to distribute the marijuana seized. In response, the Commonwealth asserts that Detective Lee's testimony did not express an opinion on an ultimate issue of fact for the jury's determination. It argues that the ultimate issue for the jury's determination was whether Davis possessed the marijuana with the intent to distribute it, not whether possession of the amount of 6.88 ounces of marijuana was inconsistent with personal use.

This issue has not been addressed previously by the Supreme Court or by this Court. It is well settled, however, that an expert witness is not permitted to express an opinion as to an ultimate issue of fact that must be determined by the trier of fact. *Bond v. Commonwealth*, 226 Va. 534, 538-39, 311 S.E.2d 769, 771-72 (1984). We must, therefore, determine whether Detective Lee's testimony violated this long-established rule.

The Supreme Court of Connecticut considered a similar issue in *State v. Williams*, 169 Conn. 322, 363 A.2d 72 (1975). There, the prosecutor asked the narcotics expert whether, in his experience, it would be usual or unusual to find a person who is solely a narcotics user in possession of as many as forty-five bags of heroin at one time. The expert replied that it would be unusual. The court held this testimony admissible, finding that the witness never expressed an opinion as to the ultimate issue of fact, that is, whether the defendant intended to distribute the narcotics he was found to possess. *Id.* at 334, 363 A.2d at 79.

We reach the same result under the facts before us. Whether Davis was holding the 6.88 ounces of marijuana with the intent to distribute was an ultimate issue of fact for the jury's determination. Detective Lee's testimony addressed the issue of what

amount of this particular controlled substance is characteristically held by an individual for personal use. Under the facts presented, we find that Lee's testimony that the amount of 6.88 ounces was inconsistent with an individual's personal use, based on what a user would normally buy or use at one time, did not constitute an opinion that Davis had an intent to distribute the marijuana found in his house.

■ In reaching this conclusion, we acknowledge that the distinction between the testimony elicited from Detective Lee and the ultimate issue for the jury whether Davis intended to distribute the marijuana is a narrow one. Nevertheless, we disagree with Davis' assertion that if testimony is received that possession of an amount of drugs is inconsistent with individual personal use, it necessarily is an opinion that the defendant intended to distribute it. A given quantity of a controlled substance can be possessed jointly by several individuals. *See McGee v. Commonwealth*, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987). In such a case, that amount might be inconsistent with an individual's personal use, and yet not establish an intent to distribute.

Here, three individuals were present in the house at the time the marijuana was found. In Instruction No. 8, the jury was specifically told that "possession need not be exclusive; it may be shared with another." The jury was also instructed that it could return any one of three of the following verdicts: not guilty; guilty of possession of marijuana; or guilty of possession with intent to distribute marijuana. For this reason, we need not address the broader issue whether, in cases where the jury is not instructed on joint possession, the expert testimony in question constitutes an opinion on an ultimate issue of fact. Instead, we find that Detective Lee's testimony, in the context of the facts and jury instructions presented in this case, was an appropriate subject for the jury's consideration, and therefore, the trial court did not err in allowing that testimony.

■ Next, we consider whether the evidence was sufficient to support Davis' conviction. "When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom. The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it."

*Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988) (citations omitted).

In order to convict a defendant of possession of a controlled substance, "the Commonwealth must prove that the defendant was aware of the presence and character of the drugs, and that he intentionally and consciously possessed them. Constructive possession may be established by showing that an accused had dominion or control over the drugs." *Albert v. Commonwealth*, 2 Va. App. 734, 741, 347 S.E.2d 534, 538 (1986) (citation omitted). In the case before us, the evidence showed that the marijuana was found in Davis' house, and that he told the police they could find it in the basement. We find that this was sufficient evidence to establish that Davis had knowledge of the presence of the marijuana, and that the marijuana was subject to his dominion and control. *See Archer v. Commonwealth*, 225 Va. 416, 418, 303 S.E.2d 863, 864 (1983).

We also find that the evidence was sufficient to support the jury's verdict that Davis intended to distribute the marijuana in question. The quantity of the controlled substance is one factor to be considered. *Dukes v. Commonwealth*, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984). A small quantity of drugs, along with other circumstances, may support a conviction of possession with intent to distribute. Such other circumstances include the presence of paraphernalia used in packaging. *Hambury v. Commonwealth*, 3 Va. App. 435, 438, 350 S.E.2d 524, 525 (1986). In the case before us, there was evidence that a set of handscales, with a set of weights divided into grams and a conversion table for converting grams to ounces, was found fifteen feet from where the marijuana was located. Two boxes of plastic sandwich baggies with twist ties were found next to the scales. The evidence further showed that marijuana is often distributed in baggies with twist ties. Also, there was evidence that $800 cash was found in Davis' jacket pocket. The aforementioned evidence constituted circumstantial evidence of an intent to distribute. *See Minor v. Commonwealth*, 6 Va. App. 366, 372, 369 S.E.2d 206, 209 (1988). Finally, Detective Lee testified that the amount in question was inconsistent with an individual's personal use. We find that the evidence was sufficient to support the jury's verdict that Davis possessed the marijuana in question with the intent to distribute it.

For the reason stated, we affirm Davis' conviction.

*Affirmed.*

Moon, J., and Coleman, J., concurred.