COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Fitzpatrick and Annunziata
Argued at Richmond, Virginia

ALFRED CHRISTIAN DARLINGTON

                                MEMORANDUM OPINION* BY
v.    Record No. 2937-96-2      JUDGE JOHANNA L. FITZPATRICK
                                  SEPTEMBER 23, 1997
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Felipita Athanas for appellant.

Ruth Ann Morken, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


On July 29, 1996, Alfred C. Darlington (appellant) was convicted in a bench trial of manufacturing marijuana not for his own use and of possessing drug paraphernalia. The sole issue raised on appeal is whether the evidence is sufficient to support appellant's conviction of manufacturing marijuana not for his own use. Finding that it is not sufficient, we reverse.

I.

On October 8, 1995, Detective John Truehart (Truehart) of the Chesterfield County Police Department arrived at appellant's home located at 4715 Castlewood Road in the City of Richmond. He observed appellant inside the house "smoking a marijuana pipe." As appellant came toward the door, Truehart saw him "put the pipe in the sofa closest to the door." Appellant then stepped out onto the front stoop of the house. When Truehart requested that

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

appellant return stolen property (a CD tower) to him, Truehart observed appellant take a bag of marijuana out of the CD shelves and drop it "off the railing down to the ground."

After obtaining appellant's permission, Truehart, Officer Michael Bender (Bender) of the Richmond police and other officers searched appellant's home.  In the basement the officers found scales, plastic bags, and, behind a fake wall, "four pots with plants inside them, grow lights, and a fan for ventilation." Bender testified at trial that "[t]he plants were recovered downstairs.  The marijuana itself was recovered upstairs," and no marijuana was recovered from appellant's person.  Bender also recovered the marijuana that was dropped to the ground.

Appellant testified that he smoked marijuana, and he admitted ownership of the plants in his basement.  He denied selling or giving the marijuana away.  He denied using the scales or knowing that the scales or the bags were located in the basement.  Appellant stated that prior to this incident he had never grown marijuana before.  He said that in the past when he smoked marijuana it was because he had gotten it from someone else, and that he had been smoking marijuana for ten to fifteen years.

Among the items recovered from appellant's home were the following:  marijuana, plastic baggies, rolling papers, a "bong," a number of smoking bowls, a grow light, scales, and fourteen marijuana plants.  The amount of marijuana at issue is

approximately .15 ounces.

II.

Appellant argues that the Commonwealth failed to prove that appellant had the intent to distribute the marijuana recovered from his home, and that such proof is necessary to establish that the marijuana was not for appellant's personal use. We agree that the evidence was insufficient to convict appellant of manufacturing marijuana not for his own use.

"On appeal, when the sufficiency of the evidence is challenged, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Welch v. Commonwealth, 15 Va. App. 518, 523, 425 S.E.2d 101, 105 (1992) (quoting Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987)). "The Commonwealth is required to prove every material element of the alleged crime beyond a reasonable doubt, and, when it relies on circumstantial evidence to sustain that burden, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Reynolds v. Commonwealth, 9 Va. App. 430, 440, 388 S.E.2d 659, 665 (1990) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). "'The judgment of a trial court sitting without a jury . . . will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.'"

3

Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

In the instant case, our decision is controlled by our holding in Reynolds v. Commonwealth, 9 Va. App. 430, 388 S.E.2d 659 (1990). In that case, the defendants were charged with manufacturing marijuana not for their own use. The Commonwealth proved that the police seized twenty-nine marijuana plants, a scale and a smoking pipe from the defendants' home. However, in Reynolds, we held that such evidence was insufficient to convict defendants of manufacturing marijuana for distribution rather than for personal use. The defendants explained that they grew the plants for their own use, and the Commonwealth failed to introduce evidence of: (1) how many plants were healthy enough to produce a useable product; (2) how much saleable marijuana could be produced from the seized plants; (3) the value of the contraband; (4) the presence of the receptacles to bag the marijuana for sale; or (5) watering devices and lights to assist in the plants' growth. We held that the Commonwealth failed to meet its burden of proof.

We find that the circumstantial evidence proved by the Commonwealth in the instant case is similarly insufficient to support appellant's conviction. The evidence recovered from appellant's home, .15 ounces of marijuana and fourteen marijuana plants, when combined with the other evidence adduced, does not

4

permit the inference that appellant was manufacturing marijuana for other than his personal use.  Rather, the evidence is consistent with the personal use of marijuana.  Here, the police observed appellant smoking when they arrived at his house. Appellant testified that he had been smoking marijuana for ten to fifteen years, and that he had the marijuana solely for his own use.  He specifically denied selling or giving the marijuana away.  Moreover, the minimal quantity of marijuana at issue is consistent with personal use.  See, e.g., Davis v. Commonwealth, 12 Va. App. 728, 730, 406 S.E.2d 922, 923 (1991) (analyzing expert testimony that 6.88 ounces of marijuana is not consistent with personal use, but that "an ounce or less of the drug on hand" is typical for a marijuana user).

Finally, the Commonwealth failed to produce any evidence of how much saleable marijuana could be produced from the fourteen plants recovered or of the value, if any, of the marijuana. Viewing the evidence in its entirety and in the light most favorable to the Commonwealth as the prevailing party, we find that "the deficiencies identified are sufficient in this case to point to a failure of the Commonwealth to exclude the reasonable hypothesis that the plants were being grown for personal use." Reynolds, 9 Va. App. at 441, 388 S.E.2d at 666.  Accordingly, the judgment of the trial court is reversed.

Reversed and dismissed.