COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Overton and Bumgardner
Argued at Salem, Virginia

WILLIAM MARSHALL WARD

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1164-97-3    JUDGE RICHARD S. BRAY
                                       MAY 19, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                   Richard S. Miller, Judge

        Clinton R. Shaw, Jr., for appellant.

        Ruth Ann Morken, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief)
        for appellee.


     William Marshall Ward (defendant) was convicted in a bench

trial for possession of marijuana with intent to distribute, a

violation of Code § 18.2-248.1.  On appeal, defendant complains

that the evidence was insufficient to prove the requisite intent

to distribute.  We disagree and affirm the conviction.

     The parties are fully conversant with the record and this

memorandum opinion recites only those facts necessary to

disposition of the appeal.

     When the sufficiency of the evidence is challenged on

appeal, we view the record in the light most favorable to the

Commonwealth, granting it all reasonable inferences fairly

deducible therefrom, and the decision will not be disturbed

unless plainly wrong or without evidence to support it.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534,

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

537 (1975).

While executing a search warrant at defendant's residence, Lynchburg police seized a pager, $97 in cash, and a "plastic baggie" containing 26.52 grams (.935 ounces) of marijuana from his bedroom.  The packaged marijuana was discovered resting inside an opened box containing similar plastic "sandwich bags."  Defendant admitted ownership of the marijuana, stating to police that his girlfriend, Brenda Banks, with whom he shared the residence, "wasn't dealing drugs," "[t]hat it wasn't hers."  At trial, Banks denied knowledge of the marijuana and testified that, although defendant "say [sic] he smokes," she had "never seen him smoke."  Defendant testified that the marijuana was for his use only, but police discovered no paraphernalia consistent with personal consumption.

Qualified as an expert in the "sale and distribution of marijuana in the City of Lynchburg," Investigator H.W. Duff testified that the quantity of marijuana seized had a "street value" of approximately $530, if divided for distribution into the customary "dime bag" lots.  He also noted that "drug dealers" often purchase in "large quantity" to "get a better deal."  Huff further testified that plastic sandwich bags are commonplace in the "drug trade . . . to package narcotics to be sold on the street" and that a "drug dealer will use a pager to be contacted at any time."

Defendant argues correctly that "[t]he quantity of the

controlled substance [possessed] is one factor to be considered" in determining the intended use by an accused. Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 925 (1991) (citations omitted). However, "[a] small quantity of drugs, along with other circumstances, may support a conviction of possession with intent to distribute." Id. "Such other circumstances include the presence of paraphernalia used in packaging," id., and "the absence of any [evidence] suggestive of personal use" by an accused. Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998) (citations omitted).

Here, although defendant and two defense witnesses refuted certain circumstantial evidence of defendant's intent to distribute, it was within the province of the trial court to assess credibility and disbelieve all or portions of such testimony. See Servis v. Commonwealth, 6 Va. App. 507, 525, 371 S.E.2d 156, 165 (1988). Thus, when viewed without regard to defendant's evidence, the Commonwealth established that defendant possessed a bulk quantity of marijuana, consistent with a purchase by a drug dealer for resale at substantial profit, together with paraphernalia to facilitate distribution, but not personal consumption, of the drug. Defendant's statement to police further suggested that defendant possessed the marijuana for purposes of "dealing." Such evidence provided sufficient support for the instant conviction.

Accordingly, we affirm the decision.

<u>Affirmed.</u>