COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Baker
Argued at Norfolk, Virginia


JAMES C. HIRSCH
                                    MEMORANDUM OPINION* BY
v.    Record No. 2034-98-1          JUDGE JOSEPH E. BAKER
                                         AUGUST 17, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
               William C. Andrews, III, Judge

          Stuart A. Saunders for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     James Hirsch (appellant) appeals from his bench trial

conviction by the Circuit Court of the City of Hampton (trial

court) for possession of cocaine with intent to distribute.  He

contends that the evidence was insufficient to support his

conviction and that the trial court erroneously permitted a police

officer to state an opinion on an ultimate issue of fact.  Finding

no error, we affirm the judgment of the trial court.

                              I.

     Upon familiar principles, we state the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

inferences fairly deducible therefrom.  See Martin v.
Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

So viewed, the evidence proved that on February 18, 1998, appellant drove Julia Perry's car to the full-service gas station where Craig Ruhl worked.  When Ruhl opened the gas tank cover on Perry's car to fuel the vehicle, he saw a ball of cellophane fall from the open cap area to the ground.  Believing the item to be trash, Ruhl picked it up and placed it on a shelf near one of the gas pumps.  After appellant left the station, Ruhl looked more closely at the item and determined it contained drugs.  He called the police, who came and took possession of the drugs.

Approximately one hour after his initial visit, appellant returned to the station with Hamilton Pritchett.  Pritchett falsely claimed to be an undercover policeman and stated that he was looking for some lost evidence.  He told one of Ruhl's co-workers that the missing item was crack cocaine that was to be used in a drug bust later that evening.  Appellant asked to speak with Ruhl in private, demanded that Ruhl surrender "it" to him, and offered to pay $100 for "it."  Ruhl denied any knowledge of what appellant was talking about.  Appellant repeatedly insisted "I need my stuff" and made veiled threats of harm to Ruhl if he did not return it to appellant.

-

Later that same night, appellant telephoned Ruhl and said that he knew Ruhl had "it."  Appellant stated that he wanted "his shit" and he again threatened Ruhl.

Perry testified that she lent her car to appellant on February 18, 1998, and she denied placing cocaine in the vehicle.

The trial court qualified Hampton Police Detective Thurman Clark as an expert in the field of narcotics.  Clark identified the slang words "stuff" and "shit" used by appellant as terms commonly used in the drug trade to refer to narcotics.[1]  Clark further testified that the quantity of the cocaine and the manner in which it was packaged were inconsistent with personal use.  When asked how he had reached that conclusion, Clark responded:

> There's several different things.  These little black bags are actually very small Ziploc bags that you don't find in the everyday home, or persons in their everyday uses don't really have a lot of usage for the real tiny small Ziploc bags of this sort.  There's twelve individual Ziploc bags here.
>
> And based on my experience, it looks to me like there is about twenty dollars' worth of cocaine in each one of those, which is .2 grams.  There's twelve of them there.  So you're looking at approximately two hundred and forty dollars['] worth of cocaine.

---

[1] Appellant argues that whether drug dealers refer to drugs as "stuff" or "shit" was not a matter requiring expert testimony.  Appellant did not object to this testimony, however, and we will not address the issue for the first time on appeal. See Rule 5A:18.

-

I don't find people on the street that have a cocaine problem to carry at a given time this amount of cocaine. They'll normally go out and buy forty, fifty dollars. Some of them--the small time users will buy it twenty dollars at a time, but usually about a fifty dollar rock of cocaine is about max that they'll buy at a given time. Then they'll make several trips back because of the expense of it.

And because of the way it's packaged here, in the twelve individuals, it looks like it's ready for sale.

## II.

Appellant contends that Clark invaded the province of the fact finder when he testified that the manner in which the drugs were packaged was inconsistent with personal use and when he stated that the drugs looked like they were "ready for sale." We disagree.

"An expert's testimony is admissible . . . when experience and observation in a special calling give the expert knowledge of a subject beyond that of persons of common intelligence and ordinary experience. The scope of such evidence extends to any subject in respect of which one may derive special knowledge by experience, when his knowledge of the matter in relation to which his opinion is asked is such, or is so great, that it will probably aid the trier in the search for the truth."

Nichols v. Commonwealth, 6 Va. App. 426, 431, 369 S.E.2d 218, 220-21 (1988) (holding that a police officer's testimony that certain notations on a piece of paper were related to drug trafficking was not within the realm of the average juror and

-

was a proper subject of expert testimony) (quoting <u>Neblett v. Hunter</u>, 207 Va. 335, 339-40, 150 S.E.2d 115, 118 (1966)).

Nevertheless, "the admission of expert testimony upon an ultimate issue of fact is impermissible because it invades the function of the fact finder."  <u>Hussen v. Commonwealth</u>, 257 Va. 93, 98, 511 S.E.2d 106, 109 (holding, in a rape case, that an expert did not invade the province of the jury when she testified that the victim's injuries were not consistent with consensual sexual intercourse), <u>cert. denied</u>, 119 S. Ct. 1792 (1999).

> [W]hile an expert witness may be permitted
> to express his opinion relative to the
> existence or nonexistence of facts not
> within common knowledge, he cannot give his
> opinion upon the precise or ultimate fact in
> issue, which must be left to the jury or the
> court trying the case without a jury for
> determination.

<u>Webb v. Commonwealth</u>, 204 Va. 24, 33, 129 S.E.2d 22, 29 (1963) (citations omitted).

In <u>Davis v. Commonwealth</u>, 12 Va. App. 728, 731, 406 S.E.2d 922, 923 (1991), a detective testified that possession of 6.88 ounces of marijuana was "inconsistent with personal use."  In holding that this testimony did not invade the province of the jury, we explained:

> Whether [the defendant] was holding the 6.88
> ounces of marijuana with the intent to
> distribute was an ultimate issue of fact for
> the jury's determination.  [The detective's]
> testimony addressed the issue of what amount
> of this particular controlled substance is

-

                    characteristically held by an individual for
                    personal use.

Id. at 731-32, 406 S.E.2d at 924.  Although recognizing that the

distinction was "a narrow one," we concluded the defendant's

possession of a quantity of marijuana that was inconsistent with

personal use did not necessarily prove he intended to distribute

the substance.  Id. at 732, 406 S.E.2d at 924.  See Price v.

Commonwealth, 18 Va. App. 760, 766, 446 S.E.2d 642, 646 (1994)

(holding that the trial court did not err when it allowed an

expert in a child abuse case to testify that the victim suffered

from battered child syndrome); Nichols, 6 Va. App. at 432, 369

S.E.2d at 222 (holding that a police officer's testimony that a

paper found in the defendant's home was a record of drug

transactions did not address the ultimate issue of whether the

defendant conspired to distribute cocaine).

     In Llamera v. Commonwealth, 243 Va. 262, 414 S.E.2d 597

(1992), a detective testified in a jury trial that "the quantity

of cocaine found 'would suggest that the owner of the cocaine

was a person who sold cocaine.'"  Id. at 264, 414 S.E.2d at 598.

The Supreme Court held that the detective had expressed an

opinion on an ultimate issue of fact:  whether the defendant

"was a person who sold cocaine."  Id. at 265, 414 S.E.2d at 599.

The Court further found that this error was not rendered

                                -

harmless by the detective's use of the phrase "would suggest."
Id.[2]

We hold that the facts of this case are more analogous to Davis than to Llamera and that Clark's testimony did not invade the province of the trier of fact. Clark did not express an opinion whether appellant intended to sell the drugs but merely testified, based on his training and experience, on the significance of the manner in which the drugs were packaged. The trier of fact was still free to infer from the evidence that appellant purchased an uncharacteristically large quantity of cocaine for his own use or that appellant and Pritchett jointly possessed these drugs. See Davis, 12 Va. App. at 732, 406 S.E.2d at 924. Accordingly, the trial court did not err in allowing this testimony.

III.

"[P]ossession of a controlled substance may be actual or constructive." McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987).

> To support a conviction based upon
> constructive possession, "the Commonwealth
> must point to evidence of acts, statements,
> or conduct of the accused or other facts or
> circumstances which tend to show that the
> defendant was aware of both the presence and

---

[2] The detective also testified that the drugs were "'packaged that way for distribution'" and that "such quantity [of drugs] was inconsistent with personal use." Llamera, 243 Va. at 264, 414 S.E.2d at 598. The Supreme Court did not comment as to the admissibility of either of these statements.

-

> character of the substance and that it was
> subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  "The Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the drugs . . . ." Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (en banc).

"Because direct evidence is often impossible to produce, intent [to distribute drugs] may be shown by circumstantial evidence that is consistent with guilt, inconsistent with innocence, and excludes every reasonable hypothesis of innocence."  Dunbar v. Commonwealth, 29 Va. App. 387, 394, 512 S.E.2d 823, 826 (1999).  "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact."  Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).

"The quantity of a controlled substance is a factor which may indicate the purpose for which it is possessed," Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987), as is the manner in which it is packaged, see White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) (en banc).

-

Appellant had exclusive possession of Perry's car when Ruhl found the crack cocaine in the space between the car's gas tank cover and the gas cap. One hour after leaving the station, appellant returned, confronted Ruhl and demanded his "stuff." Appellant offered to pay Ruhl for "it" and referred to it as "my" stuff. Appellant made threatening remarks to Ruhl at the gas station and threatened Ruhl again when he telephoned Ruhl later that evening. From this evidence, the trial court could infer beyond a reasonable doubt that appellant was aware of the nature and character of the drugs that Ruhl found and that the drugs were subject to appellant's dominion and control. Moreover, the quantity of the drugs involved and the manner in which they were packaged sufficiently proved beyond a reasonable doubt that appellant possessed the cocaine with the intent to distribute it.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>