COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Frank and Senior Judge Hodges
Argued at Salem, Virginia


ANTHONY J. ZOOK
                                              OPINION BY
v.    Record No. 2045-98-3        JUDGE WILLIAM H. HODGES
                                         FEBRUARY 22, 2000
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                    Ray W. Grubbs, Judge

         Melissa W. Friedman (Anthony F. Anderson, on
         brief), for appellant.

         Steven A. Witmer, Assistant Attorney General
         (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Anthony J. Zook (appellant) appeals from his convictions by

the Circuit Court of Montgomery County for improper driving and

felony hit and run.  Appellant contends the trial court erred

(1) when it allowed a state trooper to testify that appellant's

head injury was consistent with a starburst crack found on the

windshield of the car in which appellant was riding, and (2)

when the court instructed the jury to disregard evidence earlier

introduced by appellant.  Appellant further contends the

evidence was insufficient to prove that he was the driver of the

hit-and-run vehicle.  Finding no error, we affirm the judgment

of the trial court.

## I. Background

On July 31, 1997, at approximately 9:00 p.m., Kenneth Price was driving with his wife on the couple's motorcycle when they were struck head on by a Ford Mustang automobile that, at the time of impact, was traveling on the wrong side of the highway. Appellant and Pamela Mullins were the sole occupants of the Mustang, which was registered to Mullins.

Michael Haar came upon the accident scene shortly after hearing a "boom." Haar testified that he saw appellant exiting from the driver's side of the Mustang and that a female exited from the car's passenger side.

Testifying on behalf of the defendant, Randall Reese stated that, when he arrived at the accident scene, "there was a lady there and she told me, I asked her if she was all right and she told me she swerved to miss a deer and hit the motorcycle." The Commonwealth did not object to this testimony when it was elicited. On cross-examination, the Commonwealth asked Reese if the woman, Mullins, "[s]aid that there was a deer and that she swerved to miss the deer?" Reese responded in the affirmative. After Reese finished testifying, the trial court granted the Commonwealth's motion to strike Reese's testimony regarding what Mullins said to him on the ground that it was inadmissible hearsay. The court also refused to allow appellant to testify regarding statements Mullins allegedly made to him about the accident.

Trooper Noel, who investigated the crash, testified that there was a "starburst" crack on the driver's side of the Mustang's windshield, just to the left of the rearview mirror, near where the windshield met the car's roof.  Upon encountering appellant two hours later, Noel noticed that appellant had an area of redness and swelling on the right side of his forehead. Noel testified that, based on his training and experience, the crack to the windshield and appellant's injury were consistent with appellant's head striking the windshield where the "starburst" was located.

## II.  Admissibility of Trooper Noel's Testimony

Appellant asserts that the jury was capable of drawing reasonable inferences regarding any relationship between appellant's injuries and the starburst crack on the windshield without the benefit of Noel's testimony.  Appellant further contends that Noel's testimony impermissibly invaded the province of the jury as fact finder.  We disagree.

"The admissibility of expert witness evidence is within the sound discretion of the trial court, and the decision will not be disturbed on appeal unless the trial court has clearly abused its discretion."  Adkins v. Commonwealth, 20 Va. App. 332, 341, 457 S.E.2d 382, 386 (1995).  "A witness is qualified to speak as an expert where 'he possesses sufficient knowledge, skill or experience to make him competent to testify . . . on the subject matter of the inquiry.'"  Nichols v. Commonwealth, 6 Va. App.

426, 432, 369 S.E.2d 218, 221 (1988) (citation omitted). "All that is necessary for a witness to qualify as an expert is that he have 'sufficient knowledge of his subject to give value to his opinion' and that he be better qualified than the jury to form an inference from the facts." Kern v. Commonwealth, 2 Va. App. 84, 86, 341 S.E.2d 397, 399 (1986) (citation omitted).

"It is well settled in Virginia that an expert witness is not permitted to express an opinion as to an ultimate fact, a matter that must be determined by the trier of fact." Knick v. Commonwealth, 15 Va. App. 103, 108, 421 S.E.2d 479, 482 (1992). Nevertheless, the mere fact that an expert's testimony tends to prove an ultimate fact in issue does not preclude the witness from testifying on a subject. See Hussen v. Commonwealth, 257 Va. 93, 99, 511 S.E.2d 106, 108-09 (holding that expert testimony that the victim's injuries were not "consistent" with consensual sexual intercourse did not invade the province of the jury in a rape case), cert. denied, 119 S. Ct. 1792 (1999); Davis v. Commonwealth, 12 Va. App. 728, 731-32, 406 S.E.2d 922, 923-24 (1991) (holding that a detective's testimony that the quantity of drugs possessed by the defendant was inconsistent with personal use did not improperly invade the province of the jury where the defendant was charged with possession with intent to distribute). Cf. Bond v. Commonwealth, 226 Va. 534, 539, 311 S.E.2d 769, 772 (1984) (finding that an expert who testified in

a murder case that the victim's death was the result of a homicide impermissibly invaded the province of the jury).

Noel's training and experience sufficiently qualified him to testify regarding the relationship between the starburst crack found on the Mustang's windshield and appellant's head injury. Moreover, his training and experience rendered him more qualified than the jury to identify the connection between these two pieces of evidence. Finally, Noel did not testify that appellant was driving the Mustang; he merely presented evidence that allowed the jury to draw that inference. Accordingly, the trial court did not abuse its discretion in admitting this testimony.

### III. Evidence of Mullins' Statements

Appellant contends the Commonwealth waived its objection to Reese's hearsay testimony when it failed to promptly object to this evidence and when the Commonwealth elicited the same evidence on cross-examination. Appellant further contends the trial court erred when it refused to allow him to testify regarding statements Mullins made at the accident scene.

In support of his position, appellant cites the following rule: "'[A]n objection to evidence cannot be availed of by a party who has, at some other time during the trial, voluntarily elicited the same evidence, or has permitted it to be brought out by his adversary without objection.'" Burns v. Board of Supervisors of Stafford County, 227 Va. 354, 363, 315 S.E.2d

856, 862 (1984) (emphasis deleted) (quoting Whitten v. McClelland, 137 Va. 726, 741, 120 S.E. 146, 150 (1923)). See Saunders v. Commonwealth, 211 Va. 399, 401, 177 S.E.2d 637, 638 (1970) (holding that "where an accused unsuccessfully objects to evidence which he considers improper and then on his own behalf introduces evidence of the same character, he thereby waives his objection").

Unlike Burns, this is not a situation where the Commonwealth objected to evidence introduced by the appellant after it had earlier introduced evidence of the same nature. Rather, this is a situation where the Commonwealth's Attorney made a late and untimely objection to inadmissible hearsay evidence. Thus, the issue is whether the trial court erred by entertaining an untimely objection or by excluding inadmissible hearsay that had been introduced earlier without objection. Stated another way, the issue is whether the trial court may exclude inadmissible hearsay where no contemporaneous objection was made to the evidence but an objection was made later in the proceedings.

Appellant's argument raises the question whether the trial court erred by failing to apply the contemporaneous objection rule: "To be timely, an objection to the admissibility of evidence must be made when the occasion arises--that is, when the evidence is offered, the statement made or the ruling given." Harward v. Commonwealth, 5 Va. App. 468, 473, 364

S.E.2d 511, 513 (1988).  "The goal of the contemporaneous objection rule is to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action." Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991).

The purpose and rationale for the contemporaneous objection rule are inapplicable to this situation.  The rule is one of appellate procedure that is designed to ensure that the presentation of evidence proceeds in an orderly fashion and that parties do not delay objecting to evidence until the consequences can be fully weighed.  Although the Commonwealth should have objected contemporaneously to the introduction of the evidence, the contemporaneous objection rule does not preclude the trial court, in the exercise of its sound discretion, from entertaining a late objection and excluding inadmissible evidence after it has been introduced.  Here, the Commonwealth's late objection did not prevent the trial court from intelligently considering the issue or from taking corrective action in response to the objection.

The position appellant takes would unduly limit the ability of trial courts to control the flow of evidence and exclude inadmissible evidence.

> Trial judges are required to rule on issues
> as they develop at trial.  If the
> development of the case requires reversal of

> an earlier ruling, it is the trial judge's duty to order that reversal. . . . "A trial court is empowered to change a legal determination as long as it retains jurisdiction over the proceedings before it."

Bottoms v. Commonwealth, 22 Va. App. 378, 383-84, 470 S.E.2d 153, 156 (1996) (holding that a trial court was empowered to admit evidence that it had previously ruled would be inadmissible) (citation omitted).  See also Cunningham v. Commonwealth, 2 Va. App. 358, 365, 344 S.E.2d 389, 393 (1986) ("The conduct of a trial is committed to the sound discretion of the trial court.").

Based on the holding in Bottoms, if the trial court had expressly ruled, in response to a prompt objection from the Commonwealth, that Reese's testimony was admissible, the court could have reconsidered this ruling after Reese finished testifying.  We see no practical difference between this hypothetical scenario and what occurred in the present case. The Commonwealth objected immediately after Reese finished testifying, while the trial court retained power to correct the error.

Appellant has also failed to establish how he was prejudiced by the trial court's ruling.  Ultimately, the trial court correctly ruled that the evidence was inadmissible hearsay.  Reese's testimony regarding Mullins' out-of-court statements was not necessary to rebut any improper evidence the

Commonwealth elicited.  See, e.g., Wright v. Commonwealth, 23 Va. App. 1, 7, 473 S.E.2d 707, 709-10 (1996) (en banc) (discussing the doctrine of curative admissibility, which, "in its broadest form, allows a party to introduce otherwise inadmissible evidence when necessary to counter the effect of improper evidence previously admitted by the other party without objection").  A defendant's right to present evidence on his behalf does not include the right to introduce inadmissible hearsay evidence.  See Oliva v. Commonwealth, 19 Va. App. 523, 527, 452 S.E.2d 877, 880 (1995) (a defendant's right to present evidence in his favor does not include the right to present irrelevant evidence).

Accordingly, the Commonwealth did not waive its right to object to Reese's testimony despite raising the objection after cross-examining Reese on the subject and after Reese had finished testifying.  The trial court acted within its authority and did not abuse its discretion by striking Reese's testimony in response to the Commonwealth's objection.  Likewise, the court did not abuse its discretion when, after sustaining the Commonwealth's objection, it prohibited appellant from introducing further evidence regarding Mullins' out-of-court statements.

## IV.  Sufficiency of the Evidence

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "This Court does not substitute its judgment for that of the trier of fact, and the trial court's judgment will not be set aside unless plainly wrong or without evidence to support it." Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999) (citation omitted).

"When a conviction is based upon circumstantial evidence, such evidence 'is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Hollins v. Commonwealth, 19 Va. App. 223, 229, 450 S.E.2d 397, 400 (1994) (citation omitted). "The fact finder is not required to believe testimony that is inconsistent with the facts, may reject testimony that has been impeached, and may rely solely upon circumstantial evidence to prove an offense, provided the circumstances point unerringly to prove the necessary elements of the offense." Doss v. Commonwealth, 23 Va. App. 679, 685, 479 S.E.2d 92, 95 (1996). "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).

Noel's testimony tended to prove that appellant was sitting in the driver's seat of the Mustang when appellant's head struck the car's windshield. Haar saw appellant exit the Mustang from

the driver's side and saw Mullins exit from the passenger side of the vehicle.  This evidence was sufficient to allow the jury to conclude beyond a reasonable doubt that appellant was driving the Mustang at the time of the accident.  The jury accepted the Commonwealth's evidence and rejected appellant's evidence to the contrary.  See Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) ("The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.").  We cannot say the jury's decision was plainly wrong or without evidence to support it.

Accordingly, the judgment of the trial court will not be disturbed.

Affirmed.