COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Hodges
Argued at Chesapeake, Virginia


CLINTON T. ROGERS, JR., SOMETIMES KNOWN AS
 CLINTON THOMAS ROGERS, JR.

MEMORANDUM OPINION* BY
v.    Record No. 0346-99-1           JUDGE RICHARD S. BRAY
                                        MAY 2, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Junius P. Fulton, III, Judge

            Allan D. Zaleski (Weisberg & Zaleski, P.C.,
            on brief), for appellant.

            Steven A. Witmer, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Clinton T. Rogers (defendant) appeals a conviction in a bench

trial for possession of cocaine with intent to distribute.  He

complains that the trial court erroneously permitted a police

officer to opine that defendant possessed the drugs for purposes

of distribution.  Finding no error, we affirm.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.  In accordance with well established

principles, we view the evidence in the light most favorable to

the Commonwealth.

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

                                    I.

    On May 2, 1998, Norfolk police arrested defendant after

observing him seated in an automobile with a package of suspected

marijuana "between his legs in plain view."  During a related

search of defendant's person, police discovered "a plastic bag

containing 20 small zip-loc[k] bags of suspected cocaine" and $168

cash.  Shortly thereafter, defendant admitted that the bags

contained cocaine, which he intended "to sell," and he had been

selling cocaine for "3 weeks."  The attendant certificate of

analysis, introduced in evidence, reported 2.6 grams of cocaine.

    At trial, Norfolk Police Investigator Michael James Reardon,

a Commonwealth's witness, qualified as an expert in "narcotics

packaging."  Thereafter, the Commonwealth inquired of Reardon:

> I've just handed you [the certificate of
> analysis].  If you would, looking at the
> amount of cocaine listed there and the
> manner in which that cocaine is packaged,
> could you let me know if you have an opinion
> as to whether the possession of that amount
> of cocaine is consistent with personal use
> in your experience?

Defendant objected, arguing that the question improperly invited

testimony to the "ultimate issue in question."  The court

overruled the objection, and Reardon responded, without

objection:

> The 20 bags would be consistent with someone
> who is selling narcotics.  I can't honestly
> say that 2.6 grams is someone who is selling
> because I've known people to use a lot more
> than that in one day's time, but 20 bags is
> something that would be inconsistent -- that

                                    -

> along with his statement would be -- would
> prove to -- would make my opinion be that he
> was out there selling narcotics.

## II.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  "To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made."  Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

Assuming, without deciding, that Reardon impermissibly testified that the evidence was "consistent with someone selling narcotics" and defendant "was out there selling narcotics," his answer was unresponsive to a proper question.  It is well established that an expert may testify to the conclusion that an accused was in possession of drugs attended by circumstances "inconsistent with personal use."  Davis v. Commonwealth, 12 Va. App. 728, 731, 406 S.E.2d 922, 923 (1991).  However, defendant offered no timely objection to the improper testimony.  Thus, Rule 5A:18 precludes our consideration of the issue on appeal. Further, finding no miscarriage of justice, we decline to invoke the exception to the rule.  See generally Redman v.

-

Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 272-73 (1997).

Accordingly, we affirm the conviction.

<u>Affirmed.</u>