COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Overton
Argued at Chesapeake, Virginia


ANTHONY LEWIS
                                            MEMORANDUM OPINION* BY
v.        Record No. 3111-03-1                  JUDGE LARRY G. ELDER
                                                  DECEMBER 7, 2004
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Dean W. Sword, Jr., Judge

           Joseph R. Winston, Special Appellate Counsel (Indigent Defense
           Commission, on brief), for appellant.

           Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
           Attorney General, on brief), for appellee.


        Anthony Lewis (appellant) appeals from his bench trial convictions for possessing heroin

with an intent to distribute and doing so within 1000 feet of a school.  On appeal, he contends

that a hypothetical the Commonwealth posed to its expert witness improperly assumed that

appellant had actual possession of the heroin alleged to have been discarded later by appellant's

companion.  He also contends the evidence was insufficient to support his conviction because it

failed to prove he possessed the heroin.  We hold the evidence, viewed in the light most

favorable to the Commonwealth, supported a finding that appellant had actual possession of the

heroin.  Further, because the evidence supported a finding that appellant possessed the heroin,

the trial court did not abuse its discretion by allowing a hypothetical that assumed this fact.

Accordingly, we affirm the challenged convictions.

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

A.

SUFFICIENCY OF EVIDENCE TO PROVE POSSESSION

When considering the sufficiency of the evidence on appeal of a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to that evidence all reasonable inferences deducible therefrom. See, e.g., Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The fact finder is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible. Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

"To convict a person of possession of illegal drugs 'the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them.'" Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (en banc) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). Possession need not be actual, exclusive, or lengthy in order to support a conviction; instead, the Code criminalizes constructive or joint possession of illegal drugs of any duration. See Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974); Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

Circumstantial evidence may be sufficient to prove possession, as long as it excludes all reasonable hypotheses of innocence flowing from the evidence. See Higginbotham, 216 Va. at 352-53, 218 S.E.2d at 537 (citing LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950)).

Here, the combination of direct and circumstantial evidence was sufficient to prove beyond a reasonable doubt that, when police approached the scene of the suspected drug transactions, appellant had actual possession of the heroin his companion later discarded while running from police. When the police first approached, the crowd around appellant dispersed, and appellant and Robert Faulks walked off "shoulder to shoulder." Officer Knorowski saw appellant hand Faulks a plastic bag. Although Officer Johnson did not see what, if anything, the two men exchanged, he confirmed that their hands "c[a]me together." He also indicated that prior to that "com[ing] together," appellant's hand was "clinched" and Faulks's hand was open, whereas, after their hands met, Faulks's hand was "clinched" and Faulks "immediately took off running."

Officer Johnson then pursued Faulks on foot, with Johnson staying "right on [Faulks]" and never losing sight of him. During that pursuit, Johnson saw Faulks discard from his clinched hand a plastic bag that Johnson immediately "scooped . . . up" as he continued to pursue Faulks. Faulks "then stopped and got down on the ground," at which time Officer Johnson placed him in custody. The plastic bag Officer Johnson recovered was later determined to contain 38 capsules of heroin weighing 2.51 grams. A search of Faulks pursuant to arrest yielded cash and a cell phone. No evidence in the record indicates that any other plastic bag was found on Faulks's person during that search.

Although Faulks disclaimed ownership of the bag of heroin Officer Johnson said Faulks discarded and denied having had any contact with appellant that day, the trial court was entitled to reject the testimony of Faulks as not credible and to accept the testimony of Officers Knorowski and Johnson about what they observed. The only reasonable hypothesis flowing from this evidence, viewed in the light most favorable to the Commonwealth, is that the bag of heroin discarded by Faulks and retrieved by Officer Johnson was the same bag that Officer

Knorowski saw appellant hand to Faulks moments earlier. Thus, the evidence proved beyond a reasonable doubt that appellant had actual possession of the 38 capsules of heroin while he engaged in the hand-to-hand contact the officers saw take place between appellant and the two to four individuals standing close to him.[1]

B.

PROPRIETY OF HYPOTHETICAL

"The admissibility of expert witness evidence is within the sound discretion of the trial court, and the decision will not be disturbed on appeal unless the trial court has clearly abused its discretion." Adkins v. Commonwealth, 20 Va. App. 332, 341, 457 S.E.2d 382, 386 (1995). An expert witness in a criminal case "'may give an opinion[2] based upon his own knowledge of facts disclosed in his testimony or . . . upon facts in evidence assumed in a hypothetical question.'" Simpson v. Commonwealth, 227 Va. 557, 565, 318 S.E.2d 386, 391 (1984) (quoting Walrod v.

---

[1] Appellant posed no direct challenge to the sufficiency of the evidence to prove he had the requisite intent. He challenged only the propriety of the Commonwealth's hypothetical on that issue to its expert witness. We affirm the trial court's ruling on the hypothetical in Part I.B., *infra*, and do not consider the sufficiency of the evidence to prove appellant had the requisite intent to distribute because that issue is not before us.

[2] It is well settled in Virginia that

> "an expert witness is not permitted to express an opinion as to an ultimate fact, a matter that must be determined by the trier of fact." Nevertheless, the mere fact that an expert's testimony tends to prove an ultimate fact in issue does not preclude the witness from testifying on a subject.

Zook v. Commonwealth, 31 Va. App. 560, 566, 525 S.E.2d 32, 35 (2000) (quoting Knick v. Commonwealth, 15 Va. App. 103, 108, 421 S.E.2d 479, 482 (1992)). In a case in which a defendant is charged with possession of a controlled substance with an intent to distribute, expert testimony that the quantity of drugs possessed by the defendant is "inconsistent with personal use" does not improperly invade the province of the fact finder. Davis v. Commonwealth, 12 Va. App. 728, 731-32, 406 S.E.2d 922, 923-24 (1991); see Hussen v. Commonwealth, 257 Va. 93, 99, 511 S.E.2d 106, 108-09 (1999) (holding expert testimony that victim's injuries were not "consistent" with consensual sexual intercourse did not invade province of jury in rape case).

Matthews, 210 Va. 382, 388, 171 S.E.2d 180, 185 (1969) (footnote added)). "Examination of exhibits introduced in the case may also be a basis for expert opinion." Charles E. Friend, The Law of Evidence in Virginia § 17-18(a), at 688 n.4 (6th ed. 2003) (citing Bd. of Supers. of Fairfax County v. Telecommunications Indus., Inc., 246 Va. 472, 436 S.E.2d 443 (1993)).

An expert may not render an opinion based upon speculation, incorrect or incomplete information, or a mere assumption that lacks evidentiary support. See, e.g., Thorpe v. Commonwealth, 223 Va. 609, 613-14, 292 S.E.2d 323, 326 (1982). "[W]here there is a 'missing variable' in the foundation of the expert's opinion, the opinion is inadmissible." Friend, supra, § 17-18(f), at 692; see Waitt v. Commonwealth, 207 Va. 230, 236-37, 148 S.E.2d 805, 810 (1966).

However, as long as the evidence "*tends to prove*" the "material facts" and the hypothetical posed to the expert embodies these facts, the hypothetical is not improper. Ames & Webb, Inc. v. Commercial Laundry Co., 204 Va. 616, 621, 133 S.E.2d 547, 550-51 (1963) (emphasis added); see Friend, supra, § 17-19(b), at 704.

> All that is required is that there be some evidence in the case to support the existence of the particular "fact." It is only when there is *no* credible evidence to support it that the fact is improperly included in the question. Therefore, the fact that the evidence is contradicted will not make its inclusion in the hypothetical improper.

Friend, supra, § 17-19(b), at 704 (footnote omitted).

Thus, an expert opinion is not speculative merely because it is based in whole or in part on a disputed fact. If evidence in the record would support a favorable finding on that disputed fact, a hypothetical assuming that fact is proper, and an expert's opinion testimony responding to that hypothetical is admissible.

Here, as discussed in detail in Part I.A., one hypothesis flowing from the evidence is that appellant had actual possession of the plastic bag containing the 38 heroin capsules before giving

them to his companion, Robert Faulks, who discarded them while being pursued by police.  The court clearly comprehended and articulated this hypothesis in ruling on appellant's objection to the admission of the prosecutor's hypothetical and Sergeant Stokes's response, observing as follows:

> [The prosecutor] had a right to phrase the hypothetical however he sees fit as long as it has some relationship to the evidence. . . . [C]ertainly one of the things the Court could conclude -- I'm not saying that I do, but one of the things that you could conclude is that [appellant] had this bag . . . Commonwealth's Exhibit Number 1, I guess, and he handed it . . . off to Mr. Faulks before they raced around Howard Homes [subdivision]. . . .  If I don't believe that's the evidence, then the answer to the hypothetical is probably not helpful, but he still may ask his question.

Appellant's attorney implicitly conceded the correctness of this ruling, indicating that the usefulness of the hypothetical and the expert's response "depend[ed] on which [police] officer['s testimony]" the court chose to believe.

Thus, we hold the trial court did not abuse its discretion in permitting the Commonwealth to pose the challenged hypothetical to its expert witness.

## II.

For these reasons, we affirm appellant's convictions.

<u>Affirmed.</u>