COURT OF APPEALS OF VIRGINIA

Present:  Judges Friedman, Raphael and White
Argued at Richmond, Virginia


JOSE MIGUEL NAVARRO-VAZQUEZ

v.      Record No. 1194-24-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE STUART A. RAPHAEL
DECEMBER 16, 2025

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

(Bryan Jones; Bryan J. Jones, LLC, on brief), for appellant.
Appellant submitting on brief.

Liam A. Curry, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Appealing his convictions for aggravated sexual battery of his daughter, Jose Miguel

Navarro-Vazquez challenges the admission of evidence that he physically abused the victim's

mother. He also claims that the trial court improperly allowed an expert witness to bolster his

daughter's credibility. Finding no error, we affirm.

BACKGROUND

We recite the facts in the light most favorable to the Commonwealth, the party that

prevailed at trial. *Camann v. Commonwealth*, 79 Va. App. 427, 431 (2024) (en banc). "Doing

so requires that we 'discard' the defendant's evidence when it conflicts with the

Commonwealth's evidence, 'regard as true all the credible evidence favorable to the

Commonwealth,' and read 'all fair inferences' in the Commonwealth's favor." *Id.* (quoting

*Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

Navarro-Vazquez began sexually abusing his daughter, J.N.F.,[1] when she was 14 years old. He touched her breasts, buttocks, and vaginal area while J.N.F. was in the shower and in her bedroom. He sometimes assaulted her while her younger sister was sleeping in the same room. Navarro-Vazquez also put his fingers in J.N.F.'s vagina and forced her to touch his penis. The abuse happened several times a week for four years.

Navarro-Vazquez also physically abused J.N.F.'s mother, S.F.M. S.F.M. would take the children to a hotel on weekends to escape his physical abuse. Navarro-Vazquez moved out of the family home in February 2022, when J.N.F. was 18 years old. S.F.M. filed for divorce in May 2022, and Navarro-Vazquez and S.F.M. signed a separation agreement in October.

In 2023, J.N.F. told her mother about the sexual abuse, saying she finally felt safe to speak up because Navarro-Vazquez was not around as much anymore. After S.F.M. told her therapist about J.N.F.'s claims, the therapist reported the allegations to law enforcement.

A grand jury indicted Navarro-Vazquez on nine charges arising from the abuse of his daughter: three counts of sexual abuse, three counts of object-sexual penetration, and three counts of indecent liberties. Navarro-Vazquez pleaded not guilty to all charges. At the jury trial that followed, J.N.F. testified about the sexual abuse she suffered and also that Navarro-Vazquez physically abused her mother. J.N.F. was scared to report her abuse after seeing Navarro-Vazquez hit S.F.M. J.N.F. further explained that she felt ashamed of her abuse and did not want anyone to know about it; she told her mother about the sexual abuse only when the divorce was imminent. Navarro-Vazquez objected and argued that this prior-bad-act evidence was being used for purposes beyond showing motive.

Later in the trial, the court qualified Marcella Rustioni as an "expert in the dynamics of child sexual abuse on the process of disclosure." Rustioni testified that there are many factors

---

[1] We omit the names of the victims to protect their privacy.

that contribute to a child's delayed disclosure of sexual abuse, such as fear, shame, and the presence of domestic violence in a household.

The jury found Navarro-Vazquez guilty of three counts of aggravated sexual battery against J.N.F.[2] Navarro-Vazquez timely appealed.

ANALYSIS

A. *The trial court properly permitted evidence of Navarro-Vazquez's prior acts of domestic violence.*

We will not disturb a trial court's decision to admit or exclude evidence unless the trial court abused its discretion. *Kenner v. Commonwealth*, 299 Va. 414, 423 (2021). "A trial court abuses its discretion by (1) failing to consider a significant relevant factor, (2) giving significant weight to an irrelevant or improper factor, (3) committing a clear error of judgment in assigning weight to all proper factors, or (4) making a mistake of law." *Citizens for Fauquier Cnty. v. Town of Warrenton*, 81 Va. App. 363, 385 (2024) (quoting *Cornelius v. Commonwealth*, 80 Va. App. 29, 41 n.13 (2024)).

Relevant evidence is admissible unless "the probative value of the evidence is *substantially outweighed* by (i) the danger of unfair prejudice, or (ii) its likelihood of confusing or misleading the trier of fact." Va. R. Evid. 2:403(a) (emphasis added). Evidence is unfairly prejudicial when it generates "such a strong *emotional* response that it is unlikely that the jury could make a *rational* evaluation of its proper evidentiary weight." *Fields v. Commonwealth*, 73 Va. App. 652, 673 (2021).

Prior-bad-act evidence is generally inadmissible to prove a person's character trait, but evidence of prior bad acts is admissible only "if the legitimate probative value of such proof outweighs its incidental prejudice." *Williams v. Commonwealth*, 85 Va. App. 718, 734 (2025)

---

[2] The jury acquitted Navarro-Vazquez of three counts of object-sexual penetration and three counts of indecent liberties with his daughter.

(quoting Va. R. Evid. 2:404(b)).  The difference in these balancing tests "makes it easier for a party to introduce relevant evidence generally than to introduce relevant prior-bad-act evidence." *Id.*  Under Virginia Rule of Evidence 2:404, evidence of domestic violence is admissible when it demonstrates the conduct or attitude of the accused toward the victim, shows the relationship between the parties, or is connected to the offenses, so long as the probative value outweighs the incidental prejudicial.  *Osman v. Commonwealth*, 76 Va. App. 613, 640 (2023).

In this case, the evidence that Navarro-Vazquez physically abused S.F.M. was highly probative.  Navarro-Vazquez's past acts of domestic abuse against S.F.M. explained J.N.F.'s fear of reporting her own sexual abuse.  His violence influenced J.N.F.'s decision not to tell anyone about the abuse because she was afraid that her father would hurt her, her mother, or her younger siblings.  Evidence of domestic abuse in the home was probative of the nature of Navarro-Vazquez's relationships with S.F.M. and J.N.F., J.N.F's response to witnessing her mother being abused, and J.N.F.'s resulting fear of her father.  The trial court could properly find that the evidence would not provoke such a strong emotional response that the jury could not rationally evaluate its evidentiary weight in explaining her delayed reporting.  Thus, the trial court did not abuse its discretion in concluding that the probative value outweighed any incidental prejudice.

*B. The expert witness did not impermissibly bolster the victim's credibility.*

When the admissibility of an expert's testimony is later challenged on appeal, the testimony must be considered in its entirety.  *Cruz v. Commonwealth*, 84 Va. App. 703, 720 (2025).  Opinion testimony on the ultimate issue in a criminal proceeding is inadmissible.  Va. R. Evid. 2:704(b); *Cruz*, 84 Va. App. at 720.  But the fact that an expert's testimony in a criminal case bears on an ultimate issue is not disqualifying.  *Zook v. Commonwealth*, 31 Va. App. 560, 566 (2000).  Although an expert may not comment on a witness's credibility, an expert may

- 4 -

discuss memory formation or other post-abuse behavior of abuse victims. *Cruz*, 84 Va. App. at 720-21.

We disagree with Navarro-Vazquez that Rustioni's testimony improperly bolstered J.N.F.'s credibility. Rustioni did not comment about J.N.F. or her credibility. Rustioni testified as an expert about "the dynamics of child sexual abuse on the process of disclosure." Her testimony centered on why children may not disclose sexual abuse for many years. Because that testimony was proper, the trial court did not abuse its discretion by allowing it.

CONCLUSION

We find no basis to disturb the convictions.

*Affirmed.*